# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 03-1507

ANTHONY OWENS,

*Petitioner-Appellant*,

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

———————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 02 C 1458—**Larry J. McKinney**, *Chief Judge.*

———————

ARGUED AUGUST 3, 2004—DECIDED OCTOBER 19, 2004

———————

Before POSNER, ROVNER, and WOOD, *Circuit Judges.*

POSNER, *Circuit Judge.* Anthony Owens filed a motion
under 28 U.S.C. § 2255 to set aside his drug conviction and
sentence because his trial lawyer fumbled what should have
been a successful motion to suppress evidence seized pur-
suant to a warrant to search Owens's house. The district
court denied the motion, and Owens appeals. He is met at
the threshold by our decision in *Holman v. Page*, 95 F.3d 481,
488-92 (7th Cir. 1996), which holds that a failure to make a
Fourth Amendment objection to the admission of evidence,

however meritorious the objection, cannot amount to ineffective assistance of counsel in a constitutional sense if the evidence was reliable, so that its admission, even if improper, created no risk that an innocent person would be convicted. Owens asks us to overrule *Holman*, noting its inconsistency with the case law of the other circuits and the long shadow cast over it by subsequent decisions of the Supreme Court. We need not consider his request unless we decide that his lawyer indeed booted a good Fourth Amendment claim, so let us begin with that question.

The warrant pursuant to which evidence (consisting mainly of cocaine, marijuana, and guns) was used against Owens at his trial was based on a barebones affidavit, signed by a detective, which stated that three months earlier an informant had bought "a quantity of crack" from Owens at a house believed to be Owens's residence. There was no indication either of the actual quantity of crack or of the reliability of the informant. Owens's trial lawyer moved to suppress the evidence, arguing that a sale of an unknown quantity of an illegal drug three months before a search warrant was sought does not, without more (as in *United States v. Pless*, 982 F.2d 1118, 1125-26 (7th Cir. 1992)), establish probable cause to believe that the search of the premises on which the sale took place would turn up contraband or evidence of crime. The argument should have been a winner. *Sgro v. United States*, 287 U.S. 206, 212 (1932); *United States v. Helton*, 314 F.3d 812, 821-23 (6th Cir. 2003); *United States v. Weaver*, 99 F.3d 1372, 1378-79 (6th Cir. 1996); *United States v. Wagner*, 989 F.2d 69, 74-75 (2d Cir. 1993). If the quantity was slight—which, for all the judge issuing the warrant could have known, it was—there would be no basis for thinking either that the premises were a crack house or that the money received in the sale would still be on the premises. It would be just as likely that either Owens or

someone with access to his house had made a single, isolated sale, perhaps to a desperate acquaintance.

So inadequate was the affidavit that the search cannot be saved by *United States v. Leon*, 468 U.S. 897, 923 (1984), which holds that the fruits of a search pursuant to a warrant should not be suppressed unless the officers who conducted it could not reasonably have believed that the warrant was supported by probable cause. See *United States v. Zimmerman*, 277 F.3d 426, 437 (3d Cir. 2002); *United States v. Weaver, supra*, 99 F.3d at 1380-81; *United States v. Wilhelm*, 80 F.3d 116, 122-23 (4th Cir. 1996); *United States v. Leake*, 998 F.2d 1359, 1367 (6th Cir. 1993); *United States v. Baxter*, 889 F.2d 731, 733-34 (6th Cir. 1989). The continued validity of *Holman v. Page* is therefore inescapably presented—provided of course that Owens's lawyer was ineffectual in failing to get the fruits of the search suppressed. He was, even though, as we noted, he made the right argument. The trouble arose because he failed to argue in addition that it was Owens's house in which the crack was found. (Owens's defense at trial was going to be that he had no connection with the house.) This omission enabled the government to riposte that if it wasn't Owens's house, no right of his had been violated by the search. And so the motion to suppress failed.

The evidence was overwhelming that it was indeed Owens's house in which the crack was found. The lawyer's decision to bet his all on a denial of that fact and by doing so forfeit a compelling ground for excluding evidence essential to convict his client was therefore a blunder of the first magnitude. Had he acknowledged that it was Owens's house, the motion to suppress would have been granted and Owens would have been acquitted. And in the unlikely event that the motion failed, the defense could change course and try to prove at trial that it was not Owens's house after all. His earlier denial would not be a bar. "[W]hen a defendant

testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection." *Simmons v. United States*, 390 U.S. 377, 394 (1968). Apparently Owens's lawyer was not familiar with the *Simmons* rule; he should have been.

So we come to *Holman v. Page*, where we reasoned as follows. A claim of ineffective assistance of counsel requires proof not only that the lawyer's handling of the defense failed to come up to minimum professional standards but also that his failure "prejudiced" the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Evidence seized in an illegal search is usually—in this case as in *Holman*—reliable, and on this ground the Supreme Court had held in *Stone v. Powell*, 428 U.S. 465 (1976), that a violation of the Fourth Amendment cannot be a ground for habeas corpus (or for its equivalent for federal prisoners, such as Owens—the grant of a section 2255 motion) unless the defendant could not have presented a Fourth Amendment defense at trial. Therefore, we reasoned in *Holman*, if a lawyer's failure to argue a Fourth Amendment defense were deemed prejudicial and thus could support a finding of ineffective assistance of counsel, this would allow a Fourth Amendment claim to be smuggled in by the back-door route of a Sixth Amendment claim.

The essence of *Holman*'s analysis was thus a narrow definition of "prejudice": the defendant is prejudiced by his lawyer's inadequacy only if that inadequacy created a risk of convicting an innocent person. Provided the evidence seized in an illegal search is reliable, suppressing that evidence is not required in order to protect the innocent—it is merely a tool for deterring violations of the Fourth Amendment. Yet this rationale, far from being compelled by *Stone v. Powell*,

is, we now realize, inconsistent with that decision. The Court had, remember, said that a federal habeas corpus claim could be based on a Fourth Amendment violation if the defendant hadn't had an opportunity to present his Fourth Amendment defense at his trial. *Stone v. Powell, supra*, 428 U.S. at 494; *Cabrera v. Hinsley*, 324 F.3d 527, 531-32 (7th Cir. 2003); *Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002). If the defendant hasn't had effective assistance of counsel at trial, he has been deprived of that opportunity, and the back door to postconviction relief swings open. And so the Court held in *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986), rejecting the argument "that *Stone*'s restriction on federal habeas review of Fourth Amendment claims should be extended to Sixth Amendment ineffective-assistance-of-counsel claims which are founded primarily on incompetent representation with respect to a Fourth Amendment issue."

The holding of *Kimmelman v. Morrison*—that the Sixth Amendment *does* provide a remedy for counsel's failure to argue a Fourth Amendment defense—is inconsistent with holding that a defendant is not prejudiced by, and therefore has no Sixth Amendment grievance concerning, a failure to suppress illegally seized evidence. It is true that Justice Powell's concurring opinion argued that the use of illegally seized, but reliable, evidence is not "prejudice," because its use does not make the defendant's trial "unfair." *Id.* at 391-98. But he acknowledged that the majority opinion tugs the other way. *Id.* at 391. We quote the relevant language of the majority opinion, italicizing the critical sentence: "We also reject the suggestion that criminal defendants should not be allowed to vindicate through federal habeas review their right to effective assistance of counsel where counsel's primary error is failure to make a timely request for the exclusion of illegally seized evidence—evidence which is 'typically reliable and often the most probative information bearing on the guilt or innocence of the defendant.'. . . *[W]e have*

*never intimated that the right to counsel is conditioned upon actual innocence.* The constitutional rights of criminal defendants are granted to the innocent and the guilty alike. Consequently, we decline to hold either that the guarantee of effective assistance of counsel belongs solely to the innocent or that it attaches only to matters affecting the determination of actual guilt. Furthermore, petitioners do not suggest that an ineffective-assistance claim asserted on direct review would fail for want of actual prejudice whenever counsel's primary error is failure to make a meritorious objection to the admission of reliable evidence the exclusion of which might have affected the outcome of the proceeding. We decline to hold that the scope of the right to effective assistance of counsel is altered in this manner simply because the right is asserted on federal habeas review rather than on direct review."

This language cannot be dismissed as dictum. It is the explanation of the holding. Justice Powell complained that the parties hadn't argued the issue. *Id.* at 391. Well, the parties in *Erie R.R. v. Tompkins* did not argue for overruling *Swift v. Tyson*. But overruled it was.

The right to counsel is intended to place a criminal defendant in the approximate position that he would occupy if he were learned in the law and could thus defend himself effectively. Had Owens been learned in the law he would have admitted that it was his house that was searched, gotten the evidence found there suppressed, and been acquitted because there was negligible evidence of his guilt other than what was found in the search of the house. The "prejudice" essential to a violation of the Sixth Amendment right to the effective assistance of counsel is not being convicted though one is innocent, although that is the worst kind; it is being convicted when one would have been acquitted, or at least would have had a good shot at acquittal, had one been competently represented.

The line runs between cases in which the defendant is complaining of his lawyer's failure to do something illegal or unethical (such as to put on testimony that he knows to be perjured), as in *Nix v. Whiteside*, 475 U.S. 157, 175-76 (1986), and cases such as *Holman* and the present case in which the lawyer failed to present a meritorious defense, whether or not it was a defense motivated by a concern with preventing the conviction of a person who has been charged with a crime that he didn't commit. It would be odd to think that if the defendant's lawyer had failed to object to the introduction of a confession that had been beaten out of his client, the client would have no Sixth Amendment complaint if it were shown that the confession, though coerced, had been reliable evidence of his guilt, perhaps because it revealed details of the crime that only the perpetrator could have known.

Thus far, however, we have merely been elaborating the argument made in the dissent of three members of this court (not including the author of this opinion) from the denial of rehearing en banc in *Holman. Holman v. Page*, 102 F.3d 872, 873 (7th Cir. 1996). There are more compelling grounds for overruling the decision. In the eight years since it was rendered, no case has followed it; it stands completely alone. *Northrop v. Trippett*, 265 F.3d 372, 384-85 (6th Cir. 2001), rejects it explicitly; all other pertinent cases, whether they predate or ignore it, are inconsistent with it because all of them, on the authority of *Kimmelman v. Morrison* and contrary to the position we took in *Holman*, permit a defendant to complain about his lawyer's failure to present a Fourth Amendment defense. *Belmontes v. Woodford*, 350 F.3d 861, 887 (9th Cir. 2003); *Hooper v. Mullin*, 314 F.3d 1162, 1175-76 (10th Cir. 2002); *United States v. Dixon*, 1 F.3d 1080, 1083 (10th Cir. 1993); *Laaman v. United States*, 973 F.2d 107, 113 (2d Cir. 1992); *United States v. Caggiano*, 899 F.2d 99, 101-02 (1st Cir.), overruled on other grounds in *Horton v.*

*California*, 496 U.S. 128 (1990); *Fairchild v. Lockhart*, 857 F.2d 1204, 1206 (8th Cir. 1988); *Byrne v. Butler*, 845 F.2d 501, 513 (5th Cir. 1988); *Thomas v. Newsome*, 821 F.2d 1550, 1552 (11th Cir. 1987). (Indeed, as noted in the dissent from the denial of rehearing en banc, *Holman v. Page* was overruling (though without citing) a previous decision by this court, *Mason v. Godinez*, 47 F.3d 852, 855 (7th Cir. 1995).) Apt, then, is our statement in *United States v. Hill*, 48 F.3d 228, 232 (7th Cir. 1995), that "when a number of other circuits reject a position that we have taken, and no other circuit accepts it, the interest in avoiding unnecessary intercircuit conflicts comes into play; and if we are asked to reexamine our position, we can hardly refuse . . . . [I]f upon conscientious reexamination we are persuaded that the other circuits have the better of the argument, we should abandon our position in order to spare the Supreme Court extra work."

*Holman* is further undermined by the subsequent Supreme Court decisions of *Glover v. United States*, 531 U.S. 198 (2001), and *Williams v. Taylor*, 529 U.S. 362 (2000). *Glover* rejected a rule that this court had adopted in *Durrive v. United States*, 4 F.3d 548, 550-51 (7th Cir. 1993), a cousin of *Holman*, to the effect that an error by counsel that resulted in a higher sentence for his client did not violate the right to effective assistance of counsel unless the higher sentence was unfair. *Williams* is explicit that the test of prejudice to be used in applying the standard of the *Strickland* case for ineffective assistance of counsel is not whether it would somehow offend fairness (a standard independently objectionable because of its vagueness) to allow the judgment to stand despite the defense lawyer's incompetent performance but whether that performance deprived his client of a "substantive or procedural right to which the law entitled him." *Williams v. Taylor*, *supra*, 529 U.S. at 392-93. Holman and Owens had no right to use perjured testimony (*Nix v. Whiteside*), but they had every right to suppress evidence that had been obtained in violation of the Fourth Amendment.

We conclude that *Holman* should be overruled, and we have therefore circulated this opinion to the full court in advance of publication, pursuant to 7th Cir. R. 40(e). A majority of the judges voted not to hear the case en banc. Judges Manion, Kanne, and Evans voted to hear the case en banc, and Chief Judge Flaum and Judge Williams did not participate in the consideration or decision of whether to hear the case en banc.

REVERSED AND REMANDED.


A true Copy:

       Teste:


                        _____
                        *Clerk of the United States Court of*
                        *Appeals for the Seventh Circuit*