NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Argued January 23, 2007
Decided February 8, 2007

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 06-2377 | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | No. 1:04CR00112-001 |
| MICHAEL BURNETT, *Defendant-Appellant.* | Sarah Evans Barker, *Judge.* |

**O R D E R**

Michael Burnett is serving a 16-year prison term after a jury found him guilty of possessing a firearm after a felony conviction. *See* 18 U.S.C. §§ 922(g)(1), 924(e)(1). The only issue Burnett raises on appeal is whether the district court erroneously denied his motion to suppress the gun, which police found in his house while executing a search warrant. Because probable cause supported the issuance of the search warrant, we uphold the court's ruling and affirm Burnett's conviction.

In June 2004 police detective Brady Ball conducted surveillance on Burnett's house, located at 1414 East 24th Street in Indianapolis, Indiana. After observing suspicious activity at the house, Ball executed an affidavit representing the following facts:

Nine months before, in September 2003, police had executed a search warrant at Burnett's house at 1414 East 24th Street and found marijuana, a large amount of cash, and photos of Burnett posing with large amounts of marijuana. They also recovered Burnett's Social Security card and mail linking Burnett to the residence. Then on June 14, 2004, while conducting surveillance at the house, Detective Ball observed "very heavy" vehicle traffic at the address from 3:00 p.m. to 6:00 p.m. At one point Ball saw Burnett walk a female visitor out of the house and to her car. A confidential informant had told Ball that Burnett preferred to sell marijuana to female customers, so he ordered officers in a marked police car to follow the woman. The officers stopped her when she committed a traffic violation and discovered that she was driving on a suspended license. After the patrol officers found "fresh marijuana" in her car, the woman told them she had just come from 1414 East 24th Street where she was "hanging out with 'Big Mike.'" She said that Big Mike gave her the marijuana "because that's how Mike is." When Ball interviewed the woman, she repeated that she got the marijuana while at Big Mike's house.

Detective Ball presented his affidavit to a state judge shortly after midnight on June 15, 2004, and requested a warrant to search the house. The judge issued the warrant. Police executed the warrant shortly after midnight on June 15, 2004, and recovered a .357 handgun. The matter was referred to federal authorities, and after Burnett was charged with violating § 922(g)(1), he moved to suppress the gun. The district court denied the motion without a hearing, holding that Ball's affidavit established probable cause to believe marijuana was in the house.

In challenging the suppression ruling, Burnett argues that Detective Ball's affidavit is "deficient in substance and relevant detail" and thus, he continues, did not establish probable cause to issue the search warrant. In support of this argument, Burnett questions the importance of the affidavit's individual facts. For example, he asserts that the facts surrounding the September 2003 search were stale by the time Ball completed his affidavit, that an observation of "heavy traffic" at Burnett's house "conveyed no information to the issuing judge," and that the confidential informant's tip about Burnett's preference for female customers could not be considered reliable. Burnett further argues that, because Ball did not disclose that only small amounts of marijuana were recovered during the September 2003 search and from the woman's car on July 14, the state judge had no reason to believe that Burnett was dealing drugs out of his house. This is especially true, says Burnett, because the woman said that "Big Mike" *gave* her the marijuana.

By trying to pick apart the affidavit, Burnett ignores the well-established principle that probable cause is a "common sense judgment" made from a review of "the totality of the circumstances." *See Illinois v. Gates*, 462 U.S. 213, 233, 244

(1983); *United States v. Harris*, 464 F.3d 733, 738 (7th Cir. 2006). Probable cause exists when "the affidavit sets forth sufficient facts to induce a reasonably prudent person to believe that a search will uncover contraband or evidence of a crime." *United States v. Sidwell*, 440 F.3d 865, 868 (7th Cir. 2006). Here, the woman who was caught with marijuana after leaving Burnett's house told authorities that she got it from him, and this information was corroborated by Ball's observation of Burnett escorting her out of the house—which had a historical link to marijuana. *See, e.g., United States v. Olson*, 408 F.3d 366, 371 (7th Cir. 2005) (noting that newly arrested informant's corroborated statement established probable cause); *United States v. Hammond*, 351 F.3d 765, 772 (6th Cir. 2003) (stating that even minimally reliable tips take on added meaning when corroborated by police investigation). Burnett argues that because the woman said he *gave* her marijuana there was no evidence that he was *dealing* marijuana. But in Indiana a person who knowingly or intentionally delivers marijuana is guilty of "dealing" it. *See* Ind. Code § 35-48-4-10(a). The relevant statute defines "delivery" to include "an actual or constructive transfer from one person to another," *see id.* § 35-48-1-11, and nowhere does the statute make remuneration an element of the crime. In any event, the affidavit would at least lead a reasonably prudent person to believe that Burnett possessed marijuana in the house. Because the mere possession of marijuana is a crime in Indiana, *see id.* § 35-48-4-11, probable cause supported the issuance of the search warrant, *see United States v. Colonna*, 360 F.3d 1169, 1175 (10th Cir. 2004) (stating that personal-use amount of marijuana found in residence's trash justified search warrant).

Burnett is not helped by *United States v. Owens*, 387 F.3d 607 (7th Cir. 2004), which he reads as support for his contention that Detective Ball should have disclosed the amounts of marijuana found in the prior search of his house and in his female visitor's car. In *Owens* we held that trial counsel was deficient in failing to argue in his motion to suppress that the "barebones affidavit" underlying a search warrant conveyed only that a confidential informant had said he bought "a quantity of crack" from the defendant at the defendant's house three months earlier. 387 F.3d at 608. We stated that because the affidavit did not specify the quantity of crack, which could have been slight, there would be no basis to think that crack or the money received in the sale would still be on the premises three months later. *Id.*; *see United States v. Harju*, 466 F.3d 602, 608 (7th Cir. 2006) ("Our decision in *Owens* rested in large part on the fact that small quantities of drugs and of cash are not likely to be found in the same location after several months have elapsed."). Here, the affidavit was sworn and the warrant executed only hours after police learned that Burnett had supplied a woman with marijuana at his house, so the amounts recovered do not undermine the determination of probable cause; in contrast with *Owens*, there was no significant gap between the search and the last confirmation that drugs were present in the residence. Also in contrast with *Owens*, Detective Ball's affidavit conveyed that Burnett had been dealing marijuana

in the recent past; it stated that police executing the previous search warrant at his house had recovered photos of him posing with large amounts of marijuana.

Burnett also argues that the district court should have suppressed the gun because Detective Ball acted in bad faith when he omitted the marijuana amounts. Although suppression may be an appropriate remedy if an officer intentionally misleads the issuing judge, *see United States v. Leon* 468 U.S. 897, 923 (1984), only a deliberate or reckless omission that is material to the probable cause determination will trigger the exclusionary rule, *see United States v. Merritt*, 361 F.3d 1005, 1010 (7th Cir. 2004), *vacated on other grounds*, 543 U.S. 1099 (2005); *United States v. Capozzi*, 347 F.3d 327, 332 (1st Cir. 2003).  Here, even if Ball had included the marijuana quantities, the affidavit would have given the state judge reason to believe that a search of Burnett's house would uncover marijuana.  Thus the omission is immaterial, and suppression is unwarranted.  *See Merritt*, 361 F.3d at 1010.

AFFIRMED.