In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-1777

ADRIAN T. JOHNSON,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 07-01146—**Michael H. Mihm**, *Judge.*

ARGUED OCTOBER 9, 2009—DECIDED MAY 14, 2010

Before POSNER, ROVNER, and WILLIAMS, *Circuit Judges.*

ROVNER, *Circuit Judge.* Adrian T. Johnson was con-
victed of possession with intent to distribute at least
50 grams of crack cocaine in violation of 21 U.S.C.
§ 841(a)(1). He had two prior drug convictions and,
accordingly, received a mandatory life sentence under
21 U.S.C. § 841(b)(1)(A)(iii).

Johnson brought a motion in the district court to
vacate his sentence pursuant to 28 U.S.C. § 2255, which

the district court denied. That motion asserted that he was denied effective assistance of counsel because his attorney, based on a misapprehension of the law, failed to seek suppression of the crack cocaine at trial. He also contended that his attorney rendered ineffective assistance in failing to challenge his initial seizure by the police. *See generally Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005) (noting that ineffective assistance claims may properly be brought in a § 2255 motion regardless of whether they could have been pursued on direct appeal).

I.

The incident resulting in Johnson's arrest and conviction took place on the night of February 22, 2006. Johnson, driving a vehicle he borrowed from a relative, parked the vehicle on a block in an area that was considered a high-crime high-density area and therefore subject to enhanced police patrols. Two officers who were patrolling the area observed him emerge from the car and walk toward an apartment building. The officers testified that he held in his hand a brown bag that appeared to contain open alcohol. The officers watched as Johnson proceeded up the apartment stairs to the second floor, at which time he knocked on a door for approximately 30 seconds. Receiving no response, Johnson then prepared to descend the stairs, abandoning the bag and its contents on the second floor landing. The officers approached Johnson and ordered him to retrieve the bag. When he did so, they confirmed that it contained a

bottle of beer that was approximately two-thirds full and still cold. A check for outstanding warrants proved negative, and the officers detained Johnson to write a citation for the alcohol violation. While writing that citation, they ran a computer check on Johnson and retraced his steps to the car. When Johnson protested that they need not search the area because he had not tossed anything along that path, Officer Edelman asked if there was anything in the car that he should know about. Johnson responded that there was not, and Edelman then questioned Johnson as to whether he cared if Edelman searched the car. According to the officers, Johnson responded, "Go ahead." Officer Edelman stated that before entering the vehicle he observed by flashlight what appeared to be a bag of marijuana above the driver's visor. Upon entering the vehicle, he found a black stocking cap with a plastic bag of what appeared to be a large rock of crack cocaine inside. In addition, in the backseat he discovered a digital scale and two boxes of plastic sandwich bags. At that point, Johnson was becoming disruptive and the officers subdued him and placed him under arrest. The search of the vehicle is the basis of the ineffective assistance claim before this court.

## II.

Johnson argues that he was denied the effective assistance of counsel when his attorney failed to file a motion to suppress the crack cocaine based on the unconstitutional search of the car. His defense counsel pursued other pretrial motions, including a motion to suppress

and motion in limine aimed at keeping his alcohol posses-
sion and incriminating statements out of evidence.
Despite Johnson's request, however, his attorney chose
not to file a motion to suppress the crack cocaine evi-
dence found in the search of the vehicle.

In order to succeed on a claim of ineffective assistance
of counsel, Johnson must demonstrate both deficient
performance and prejudice. Specifically, he must show
that defense counsel's performance fell "outside the
wide range of professionally competent assistance" and
"there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding
would have been different." *Strickland v. Washington*, 466
U.S. 668, 690, 694 (1984); *Allen v. Chandler*, 555 F.3d 596,
600 (7th Cir. 2009); *Bynum v. Lemmon*, 560 F.3d 678, 685
(7th Cir. 2009). Johnson asserts that the police had no
constitutionally-valid basis to search the car, and that
a motion to suppress could have resulted in the suppres-
sion of the fruits of that search. Because that search
yielded the crack cocaine which formed the basis of the
charge and the centerpiece of the government's case, the
decision not to seek suppression was a critical one.

A.

In analyzing the deficient performance prong of the
test, we consider whether the decision to forego a
motion to suppress was a reasonable trial strategy. Con-
duct of counsel at trial is deficient if it is unreasonable
under prevailing professional norms. *Pole v. Randolph*,
570 F.3d 922, 934 (7th Cir. 2009). We have repeatedly

recognized, however, that a decision of trial counsel based on a misapprehension of law may constitute objectively unreasonable performance. *United States v. Spence*, 450 F.3d 691, 694-695 (7th Cir. 2006); *Bynum*, 560 F.3d at 684-85.

In an affidavit submitted to the district court, Johnson's defense attorney at the original trial, Joseph M. Borsberry, acknowledged that Johnson wanted him to file a motion to suppress the evidence based on the Fourth Amendment violations. He stated that he chose not to file such a motion because

> the motor vehicle in which the cocaine was found was allegedly owned by one of Mr. Johnson's relatives. Since Mr. Johnson did not have an ownership interest in the motor vehicle or a reasonable expectation of privacy, I felt it should be a better trial strategy to use the fact that Mr. Johnson did not own the vehicle as an issue in trial. In my opinion there was no Fourth Amendment violation in searching the vehicle because of a lack of reasonable expectation of privacy in the vehicle of another.

As the statement by Borsberry makes clear, the decision not to file the motion to suppress was based on the belief that Johnson lacked a reasonable expectation of privacy in the vehicle because he was not the owner. The district court, in denying the § 2255 motion, repeated that proposition. The court also denied the certificate of appealability—which we ultimately granted—as to that and all other issues. Both Borsberry and the district court, however, erred in assessing Johnson's ability to challenge the search.

It is well-established that a driver of a borrowed vehicle may establish a reasonable expectation of privacy in a vehicle even though that driver is not the owner of the vehicle. *See United States v. Garcia*, 897 F.2d 1413, 1418-19 (7th Cir. 1990); *United States v. Thomas*, 447 F.3d 1191, 1197-98 (9th Cir. 2006); *United States v. Soto*, 988 F.2d 1548, 1553 (10th Cir. 1993); *United States v. Miller*, 821 F.2d 546, 548-49 (11th Cir. 1987). In determining whether such a non-owner may claim a privacy interest in a car that he is driving, courts consider two factors: whether the driver manifested a subjective expectation of privacy in the area searched; and whether that expectation of privacy is one that society would find objectively reasonable. *United States v. Amaral-Estrada*, 509 F.3d 820, 826-27 (7th Cir. 2007). Courts have repeatedly recognized the right of a driver to assert a Fourth Amendment right to be free from unreasonable searches of a vehicle where the driver is operating that vehicle with the permission of the owner. *Garcia*, 897 F.2d at 1418-19; *Soto*, 988 F.2d at 1553; *Miller*, 821 F.2d at 548-49; *see also Thomas*, 447 F.3d at 1197-98 (holding that even a driver not listed as an authorized driver for a rental car could nevertheless have an expectation of privacy if given permission to use the car by an authorized driver). In lawfully possessing and controlling the car, the driver has the right to exclude others which corresponds with an expectation of privacy. Similar to an owner driving the car, the authorized driver may have an expectation of privacy in that circumstance. The inquiry is a fact specific one, however, because as we recognized in *Amaral-Estrada*, some facts may eviscerate any implication of a subjective

expectation of privacy. In that case, Amaral-Estrada was operating the car for the purpose of transporting contraband such as U.S. currency, and his expectation was that others would enter the car, taking and leaving items therein. *Amaral-Estrada*, 509 F.3d at 826-27. In those circumstances, there was no subjective expectation of privacy and therefore he could not challenge the search of the vehicle. *Id.*

As the driver of the vehicle borrowed from his relative, Johnson could have sought to establish that he had a reasonable expectation of privacy in the vehicle and that the search violated the Fourth Amendment. The facts relating to this issue are of course scarce in the record, because it was never explored at trial. Nevertheless, those facts that are present do nothing to cast doubt on the existence of that reasonable expectation of privacy and in fact support a finding that Johnson exercised possession and control of the vehicle in a manner establishing an objectively reasonable expectation of privacy. The evidence indicates that Johnson borrowed the vehicle from a relative and that he was the driver and sole occupant of the vehicle during the relevant time period. There is no indication that he opened the vehicle to general access by other individuals such as would defeat that expectation of privacy.

An evidentiary hearing on the issue would make the issue clear. For our purposes, it is enough that based on a misapprehension of the applicable law, his attorney chose not to file a motion that could have been dispositive of the case against Johnson.

Borsberry identified a related reason for the decision in his affidavit, stating that he believed that it was a better defense at trial for Johnson to claim a lack of knowledge that the drugs were in the vehicle. Borsberry also stated that in a motion to suppress the court would have to make a credibility determination between the police and Johnson, and that Johnson "would have a better chance with a jury trial on the factual issues than with a judge on the legal issues." The government takes up this mantra, arguing that the decision not to file the motion was a tactical one, involving a choice between two inconsistent positions: the assertion of a privacy interest in the car and its contents versus the claim that Johnson had no knowledge of the car's contents and no desire to protect them from anyone. According to the government, that is an objectively reasonable basis for refusing to file the motion, and it does not matter whether that was defense counsel's subjective reasoning.

There are two problems with that line of reasoning. First, it is premised on a false dilemma because there is no inherent conflict between a trial defense based on his lack of knowledge that the drugs were in the car, and a motion to suppress contending that the search violated his reasonable expectation of privacy in the vehicle. It is simply inconceivable that in order to assert a claim of a reasonable expectation of privacy in an area, a defendant needs to demonstrate complete knowledge of all items within that area. Such a premise would eviscerate any reasonable expectation of privacy in a home, as it would vanish if any items were found in the home of which the defendant was unaware. The test is whether the

defendant had a subjective expectation of privacy in the vehicle which is objectively reasonable. *See Amaral-Estrada*, 509 F.3d at 826-27; *Garcia*, 897 F.2d at 1418-19.

At an evidentiary hearing, Johnson could have established that he had authorized possession of the vehicle and an intent to exclude others from it. We have found that such an objectively reasonable expectation can be established by the driver of a borrowed car, and have not required a showing that the authorized driver be capable of accurately inventorying the vehicle's contents. Johnson could argue that he possessed such an expectation of privacy even though he was unaware that the drugs had been concealed within the car. Therefore, Borsberry was not required to choose between his preferred trial strategy and a motion to suppress—both options could have been fully pursued without one adversely impacting the other.

In part, Borsberry's reluctance to pursue the motion appears to be based on a misunderstanding of another legal proposition. Borsberry was apprehensive that the court's credibility determination in a motion to suppress would adversely impact Johnson's defense in a jury trial. In short, he was concerned with the impact that testimony in the motion to suppress would have on the trial. The Supreme Court in *Simmons v. United States*, 390 U.S. 377, 394 (1968), however, made clear that "when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection." *See also*

*Owens v. United States*, 387 F.3d 607, 608-09 (7th Cir. 2004). Accordingly, any testimony by Johnson in support of a motion to suppress could not have been introduced against him at trial, and that concern was not a proper basis on which to forego the motion to suppress.

Because the decision not to pursue the Fourth Amendment challenge in a motion to suppress was based upon a misunderstanding of the applicable law and not based on a reasonable trial strategy, Johnson has established a genuine issue of material fact as to whether his trial counsel's performance was deficient under the Sixth Amendment.

B.

The remaining issue in the ineffective assistance claim is whether Johnson was prejudiced by that deficient performance. It is clear that a successful motion to suppress would have destroyed the case against Johnson. The issue, however, is whether that motion would have been successful—or more properly, whether there is a reasonable probability that, if counsel had pursued the motion, the result of the criminal case would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. The government maintains that even if Johnson had a protectable interest in the vehicle, the motion could not have been successful because he consented to the search. At this stage of the process, however, we cannot assume that Johnson gave such consent. Johnson asserts that he did not consent to the search, and an

evidentiary hearing is necessary to resolve that issue. If the district court determines that he did not give such consent, and that he established a reasonable expectation of privacy in the vehicle, then the failure to file a motion to suppress was prejudicial unless the government can establish an independent constitutional basis for the search.

Even if the district court determines on remand that Johnson gave consent, Johnson asserts that the initial seizure was invalid and therefore that any consent obtained as a result of that seizure is invalid as well. Again, the testimony relevant to this issue is sparse because it was not pursued at trial and the district court did not conduct an evidentiary hearing on the ineffective assistance claim. The officers stated that they saw Johnson carrying what appeared to be open alcohol in a brown bag. There is no indication as to what caused them to believe that the bag contained alcohol, nor is there evidence as to why they believed that it was open. It is not hard to imagine facts that could lead an officer to reasonably suspect that a brown bag in fact contained open alcohol, but any efforts to determine whether the officers possessed a reasonable suspicion that he was carrying open alcohol would be rank speculation at this point.

### III.

Therefore, an evidentiary hearing is necessary to resolve the factual issues that are critical to the analysis of the ineffective assistance claim. The decision of the

district court is VACATED and the case REMANDED for further proceedings consistent with this opinion. Circuit Rule 36 shall apply on remand.