**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2010[*]
Decided July 23, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-3627

| | |
|---|---|
| PETER L. CRAIGG, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 09-C-801 |
| | |
| UNITED STATES OF AMERICA, | William C. Griesbach, |
| *Respondent-Appellee.* | *Judge.* |

**O R D E R**

Peter Craigg appeals from the denial of his motion under 28 U.S.C. § 2255 challenging his conviction for maintaining drug-involved premises, 21 U.S.C. § 856. His principal claim is that his trial counsel rendered ineffective assistance by not moving to suppress the crack cocaine, drug paraphernalia, and marked bills that the police found in

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

his apartment. The district court found that the warrant authorizing the search of the apartment was supported by probable cause, and that any motion to suppress would have lacked merit. We affirm.

Before securing a warrant to search Craigg's apartment (which he shared with Joy Ayotte), police conducted at least two "controlled buys" of crack cocaine that led them there. The first time, a drug dealer ("K.C."), carrying marked bills handed her by a confidential informant, drove to Craigg's apartment alone (but was tailed by police). Outside the apartment, an unidentified woman got into K.C.'s car, and the pair drove off. Police waited near the apartment until K.C. returned 10 or 15 minutes later and dropped off the woman. The police followed K.C. to another location, where K.C. again met the informant and gave her a substance that later tested positive for cocaine base.

The next day, the informant gave K.C. some more marked bills, and the police again tailed K.C. to Craigg's apartment. As before, a woman entered K.C.'s car, but this time the police were able to identify her as Ayotte. This time the police were also able to follow K.C.'s car around the block and back to the apartment, and thereby verify that no other stops were made. After dropping off Ayotte, K.C. took more crack to the informant.

Police confirmed Ayotte's identity and address, obtained a warrant to search the apartment, and promptly executed the warrant. When the search turned up drugs, marked bills, and a scale and safe, police arrested Craigg and Ayotte. The physical evidence, together with statements Craigg made after the search, provided the factual basis for his unconditional guilty plea, and the district court sentenced him to 120 months' imprisonment. We permitted Craigg's appellate counsel to withdraw and dismissed his direct appeal under *Anders v. California*, 386 U.S. 738 (1967). *See United States v. Craigg*, 338 F. App'x 530 (7th Cir. 2009) (nonprecedential decision).

Craigg then filed a § 2255 motion claiming that trial counsel rendered ineffective assistance by not challenging the sufficiency of the search warrant. He also claimed that appellate counsel was ineffective by failing to mount a challenge based on trial counsel's alleged shortcomings.

The district court denied the motion. The court assumed the truth of Craigg's allegations about the warrant and underlying affidavit—neither of which was in the record—and concluded that the controlled buys provided probable cause to search the apartment for drugs and marked bills. Accordingly, explained the district court, a motion to suppress would have lacked merit, and thus counsel's decision not to file such a motion did not support an ineffective-assistance claim. Craigg's claim regarding appellate counsel failed, too, because that claim depended on an assumption that trial counsel was deficient.

On appeal Craigg maintains that the district court erred by concluding that trial counsel did not render ineffective assistance by failing to file a motion to suppress. To prevail, Craigg must show that such a motion would have succeeded. *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *Ebert v. Gaetz*, — F.3d —, 2010 WL 2508771, at *7 (7th Cir. June 23, 2010). He contends that it would have because the evidence linking the controlled buys to the apartment did not ensure that drugs and money would be found there. Given only what police observed, he suggests, Ayotte might have stashed the drug supply and cash at some other apartment and used their apartment merely as a meeting spot.

Yet the standard for a search warrant is not certainty, but probable cause, which requires only a substantial likelihood that a search will uncover evidence of a crime. *Illinois v. Gates*, 462 U.S. 213, 236 (1983); *United States v. Dismuke*, 593 F.3d 582, 586 (7th Cir. 2010); *United States v. Sidwell*, 440 F.3d 865, 869 (7th Cir. 2006). We agree with the district court that the evidence linking the controlled buys to the apartment yielded a substantial likelihood that drugs and marked bills would be found there.

Next, Craigg asserts that his case is "wholly parallel" to *Owens v. United States*, 387 F.3d 607 (7th Cir. 2004), in which we vacated the denial of a § 2255 motion because trial counsel was deficient in failing to establish that his client lived at the site of a search, and thus had standing to suppress the evidence seized pursuant to a search warrant. In *Owens*, counsel's failure to establish standing was the real obstacle to a successful motion to suppress, because the "barebones affidavit" alleged only that a confidential informant of unknown reliability claimed to have bought crack three months earlier at the defendant's home, and thus did not provide probable cause to believe that drugs or money would still be there. *Id.* at 608. But here, the warrant was executed just one day after the second drug buy, so it was far less likely that any drugs and proceeds would have been removed from the premises. Further, the two sales conducted over two days in the same manner suggested the presence of an ongoing drug business, rather than "a single, isolated sale, perhaps to a desperate acquaintance." *Id.* Finally, the controlled buys and surveillance meant that police did not need to rely on an informant's word to show that drugs had changed hands. Accordingly, there would have been no merit to a suppression motion. Craigg's trial counsel was not ineffective in failing to file such a motion, nor was appellate counsel ineffective in not challenging trial counsel's handling of this issue.

AFFIRMED.