NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 4, 2010
Decided August 10, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-3919

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-CR-340 |
| OMARR LOWE, *Defendant-Appellant*. | William C. Griesbach, *Judge*. |

**O R D E R**

Police obtained a warrant to search Omarr Lowe's home for evidence of cocaine trafficking. During their search officers found cocaine, marijuana, crystal methamphetamine, and assorted drug-trafficking paraphernalia, as well as five guns, body armor, and $22,000 in cash. Lowe moved to suppress the evidence, arguing that the affidavit in support of the search warrant lacked probable cause. The district court denied his motion. A jury later found Lowe guilty of conspiring to distribute cocaine, possessing and distributing cocaine, and possessing firearms in furtherance of drug trafficking. *See* 21 U.S.C. §§ 846, 841(a)(1); 18 U.S.C. § 924(c)(1)(A). The district court sentenced him to a total of 120 months' imprisonment for the drug counts and 60 months, consecutive, for the gun count. On appeal, Lowe challenges only the denial of his motion to suppress. We affirm.

On November 3, 2008, Officer Gary Lewis of the Appleton, Wisconsin, police department obtained a search warrant for Lowe's house. In requesting the warrant, Lewis submitted a five-page affidavit to a state judge, asserting that he had probable cause to believe Lowe was trafficking cocaine from his home in Appleton. Lewis detailed a controlled drug buy conducted that same day, in which an unnamed informant had purchased 14.3 grams of cocaine from Lowe's brother, Doby Lowe. In the course of the transaction, Doby had stopped at Lowe's house before giving the informant the drugs. In the affidavit, Lewis recounted that the informant met with Doby in a white Mitsubishi Montero in front of Doby's house in Grand Chute, Wisconsin, and gave Doby $750 in marked currency to purchase cocaine and also cover a $300 drug debt. Lewis had Doby and the informant under surveillance when the buy money was handed over to Doby. But Doby did not give the informant the cocaine, and, instead, he told the informant to return in 90 minutes. Lewis then followed Doby as he drove to Lowe's house. Approximately 30 minutes later Doby exited Lowe's house. Investigator Feucht, also working the investigation, advised Lewis that as Doby departed he called the informant, said that everything was "good," and instructed the informant to meet him back at Doby's house. Moments later, Doby met the informant and handed over the cocaine. In the affidavit for the warrant, Lewis also asserted that the informant had told Feucht that Omarr Lowe was Doby's source for cocaine. And, Lewis continued, the informant's statements had "proven reliable in the past." Although the affidavit describes events occurring on November 3, 2008, and was signed and executed on the same date, the typed jurat erroneously identifies August 3, 2008, as the date on which the affidavit was signed and sworn.

Before trial Lowe moved to suppress all physical evidence recovered from his house on the ground that Officer Lewis's affidavit lacked sufficient information to establish probable cause for the search. Lowe argued, first, that the incorrect date in the jurat rendered the affidavit insufficient on its face and, second, that the affidavit lacked sufficient information to find the informant credible and, thus, lacked sufficient facts pointing to Lowe as the supplier. The trial judge referred the motion to a magistrate judge who concluded that, although "far from a model of clarity, chronological and otherwise," the affidavit provided sufficient information from which the issuing judge could find a fair probability that evidence of a crime would be found at Lowe's house. Lowe objected, and the district court adopted the magistrate judge's recommendation, denying the motion to suppress. First, the district court concluded that the mistaken date in the jurat was a scrivener's error and was immaterial to the validity of the warrant. Next, the court reasoned that the majority of the information in the affidavit was based not on the informant's statements but the observations of the officers and supported a reasonable inference that evidence of drug trafficking would be found in Lowe's residence. The court

further held that, even if the affidavit was deficient, the officers relied on the warrant in good faith.

We review a district court's determination that a warrant is supported by probable cause de novo but give great deference to the issuing judge's conclusion. *United States v. McIntyre*, 516 F.3d 576, 578 (7th Cir. 2008). Here, the affidavit was the only evidence provided to the issuing judge in support of the search warrant, so the affidavit was required to set forth sufficient evidence to convince a reasonable person—based on the totality of the circumstances—that a search would produce evidence of a crime. *See Illinois v. Gates*, 462 U.S. 213, 238-39 (1983); *United States v. Bell*, 585 F.3d 1045, 1049 (7th Cir. 2009); *United States v. Peck*, 317 F.3d 754, 755-56 (7th Cir. 2003).

Lowe asserts that the affidavit is just "bare bones"and does not establish probable cause because, he contends, much of the information is provided by an informant of unknown reliability. As Lowe notes, Officer Lewis's affidavit states that the informant's prior statements were reliable, but does not offer further explanation or disclose the details underlying this assertion. We have repeatedly held that wholly conclusory assertions of reliability are not entitled to any weight. *United States v. Dismuke*, 593 F.3d 582, 587 (7th Cir. 2010); *United States v. Koerth*, 312 F.3d 862, 867 (7th Cir. 2002). Thus, the informant's statement that Lowe was Doby's supplier is insufficient, on its own, to establish probable cause. *See Dismuke*, 593 F.3d at 587-88. Yet even when an affiant has not sufficiently explained his belief that an informant is reliable, the issuing court may still find probable cause if reliability can be inferred from the totality of the circumstances. Relevant factors include (1) the extent of police corroboration of the informant's information, (2) whether the informant's information was based on personal observations, (3) the amount of detail provided by the informant, (4) the amount of time between the events reported by the informant and the warrant application, and (5) whether the informant personally appeared before the issuing judge to present the affidavit or testimony. *Id.* at 587; *United States v. Olson*, 408 F.3d 366, 370 (7th Cir. 2005).

Here, in addition to the informant's statement identifying Lowe as his supplier, the affidavit details a controlled drug buy corroborated by police observation. Lowe's brother accepted the informant's marked bills but gave no cocaine in exchange. Immediately afterward he visited Lowe's house, then called the informant to say "it's all good," and then five minutes later delivered the cocaine to the informant. Although the informant did not appear before the issuing judge, little time had passed between the transaction and the immediate issuance of the warrant that same day. The details of that transaction provided by the informant and corroborated by the police support a reasonable inference that Doby retrieved the cocaine from Lowe's house.

Lowe takes issue with the use of the transaction as support for probable cause because, as he reads the affidavit, it is unclear whether many of the details come from police corroboration or the informant. Lowe notes that the affidavit is silent as to whether the informant was searched for drugs before the controlled drug buy or whether audio surveillance was used. But based on the wording of the affidavit, the issuing judge could reasonably infer that nearly all of the details were independently observed or heard by the police during their surveillance of the controlled buy. Before recounting the details of the sale, the officer states that the affidavit is based upon his personal observations as well as those of other officers. The transaction is explained in bullet points, each beginning with the phrase "I know." Although there are few details about the methods of surveillance or the procedures associated with a controlled drug buy, the officer does note at points that he personally observed the informant's initial meeting with Doby, Doby's trip to Lowe's house, and the completion of the sale.

To the extent that the details of the transaction were provided by the informant, Lowe contends that those details must be viewed as unreliable because the officer did not provide sufficient explanation of the informant's reliability. But Lowe misses the point: the court evaluating the warrant application considers the totality of the circumstances, and the more details an informant provides—even an informant of unknown reliability—the greater the issuing judge's confidence in the informant's reliability. *See Dismuke*, 593 F.3d at 587 (explaining that details provide "indicia of reliability"); *United States v. Sims*, 551 F.3d 640, 644-45 (7th Cir. 2008) (crediting statements of informant based in part on level of detail provided); *United States v. Taylor*, 471 F.3d 832, 839 (7th Cir. 2006) (same).

Moreover, the informant's description of the transaction and Lowe's involvement was largely corroborated by police surveillance. Contrary to Lowe's assertion, the affidavit is unlike that in *Bell*, where we explained that a conclusory statement from an informant of unknown reliability cannot be bolstered with the conclusory statements of *other* unreliable informants. *See Bell*, 585 F.3d at 1050-51. In *Bell*, we concluded that probable cause was lacking because the affidavit relied almost exclusively on accounts from informants of unknown reliability. *Id.* at 1049-50. We similarly found no probable cause in *Peck*, where the affidavit related statements from an unreliable informant but failed to disclose any police corroboration save for a check of the defendant's criminal record. *Peck*, 317 F.3d at 756-57. But here the informant's details of the transaction and his assertion that Lowe was Doby's supplier were independently supported by police surveillance of the controlled buy, which led directly to Lowe's house.

Lowe argues that additional investigative efforts could have been used to corroborate the informant's accusations against him, but we regularly reject such arguments because what could have been done "'does not in any way detract from what was done.'"

*Sims*, 551 F.3d at 644 (quoting *United States v. Jones*, 208 F.3d 603, 607 (7th Cir. 2000)).  And although Lowe cites *Owens v. United States*, 387 F.3d 607, 608 (7th Cir. 2004), to argue that the affidavit was required to include specific information about the amount of cocaine in Lowe's house in order to support an inference that the sale was not just an isolated incident, the affidavit in *Owens* was very different.  We rejected the bare-bones affidavit in *Owens* because it revealed only that an informant had bought "a quantity of crack" from the defendant's house three months earlier.  *Owens*, 387 F.3d at 608.  Unlike the stale and vague information provided in *Owens*, the affidavit here describes very recent events, explains that the informant had a prior drug debt with Doby (indicating an ongoing sales relationship), and recounts that Doby drove directly to Lowe's house in between accepting payment for the cocaine and making the delivery.  The parties disagree as to whether the 14.3 grams of cocaine received by the informant is a user-quantity, but, regardless, the level of detail and corroboration provided in the affidavit was sufficient to infer that the sale was not "a single, isolated sale . . . to a desperate acquaintance," *id.,* and that evidence of cocaine dealing would be found in the house.

Finally, because we conclude that the search warrant was supported by probable cause, we need not address the government's alternative argument that, even if the affidavit was deficient, the  evidence seized from Lowe's home would have been admissible under the good-faith exception to the exclusionary rule.  *See United States v. Leon*, 468 U.S. 897, 922 (1984); *United States v. Mitten*, 592 F.3d 767, 770 (7th Cir. 2010); *United States v. Farmer*, 543 F.3d 363, 378 (7th Cir. 2008).

Accordingly, we AFFIRM the judgment of the district court.