CLD-402                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2608
_____

UNITED STATES OF AMERICA

v.

ALFRED DOVER,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2:96-CR-00181-001)
District Judge: Honorable R. Barclay Surrick
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 22, 2013

Before: RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: September 16, 2013)
_____

OPINION
_____

PER CURIAM

Alfred Dover, a federal prisoner, appeals pro se from the District Court's order denying his motion for sentence reduction. For the following reasons, we will summarily affirm.

I.

In 1997, Alfred Dover was convicted of various drug related offenses, and sentenced to 248 months of imprisonment. In 2008, Dover requested a sentence modification, which the District Court denied in 2010. In November 2012, Dover filed another motion for sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), based on the retroactive application of Amendment 750 to the Guidelines. The Government conceded Dover's eligibility for a sentence reduction but argued that his disciplinary record in prison militated against relief. The District Court agreed and denied the motion. Dover timely appealed.

II.

We have jurisdiction under 28 U.S.C. § 1291, and we review the District Court's denial of Dover's § 3852(c)(2) motion for abuse of discretion. United States v. Mateo, 560 F.3d 152 (3d Cir. 2009). We may summarily affirm a judgment of the District Court when an appeal does not present a substantial question. See I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Dover challenges the District Court's denial of his request for sentence reduction, arguing that it abused its discretion by ignoring his recent good behavior in prison and instead relying on his prior prison disciplinary record. However, in determining whether

2

a sentence reduction is warranted, the District Court has the discretion to consider the defendant's post-conviction conduct along with the applicable 18 U.S.C. § 3553(a) factors. See United States v. Styer, 573 F.3d 151, 154 n.4 (3d Cir. 2009); see also U.S.S.G. § 1B1.10, cmt. n.1(B)(iii) ("The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) Whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction . . .").[1] Here, the District Court did just that; it considered Dover's entire post-conviction conduct, even noting his recent rehabilitative efforts, but ultimately determined that his conduct precluded a sentence reduction. The Court specifically recognized Dover's recent rehabilitative efforts, but concluded that they did not override the other concerns it had with his post-sentence conduct. The District Court pointed to several troubling incidents, including Dover's threat to murder a corrections officer just one month after the District Court's prior order denying sentence reduction. The District Court also noted that Dover had committed a disciplinary infraction as recently as July 2011, and that, all told, he has received 37 citations for disciplinary infractions while incarcerated—eleven of which were related to violence or threats of violence. Given the District Court's permissible consideration of Dover's entire disciplinary record, we must conclude that it did not abuse its discretion in determining

---

[1] As the Government conceded, Amendment 750 to the Guidelines did indeed make Dover eligible to seek relief under § 3582(c)(2). See United States v. Berberena, 694 F.3d 514, 517-18 (3d Cir. 2012); see also Dillon v. United States, 130 S. Ct. 2683, 2691 (2010) (explaining that a District Court must first determine whether a defendant's sentence was based on a sentencing range "that has subsequently been lowered by the Sentencing Commission").

that, because Dover's "record of violence was and is disturbing," a sentence reduction was not warranted. See Styer, 573 F.3d at 154.

Dover also contends that has was not given notice that the District Court would use his disciplinary record in determining whether to grant a reduction. This is unpersuasive. Dover himself knew that the District Court had denied his prior motion in 2010 because of his disciplinary record. Moreover, the Government specifically asked in its response to this § 3582 motion that it be denied on the basis of his prison conduct. Dover could have filed a response to that document and, in any event, was aware that the issue was in play. And, of course, our cases permit the district courts to decide § 3852(c)(2) motions without a hearing. See Styer, 573 F.3d at 153-54.

Also unavailing is Dover's argument that the District Court violated his right to equal protection because other similarly situated defendants with extensive prison disciplinary records have received sentence reductions. It is not constitutionally impermissible even for a judge to sentence identically situated co-defendants to materially different terms of imprisonment. See Dellinger v. Bowen, 301 F.3d 758, 767-68 (7th Cir. 2002). Sentencing judges have wide discretion, and the existence and exercise of this discretion "naturally leads to discrepancies in sentencing." Holman v. Page, 95 F.3d 481, 486 (7th Cir. 1996), overruled on other grounds by Owens v. United States, 387 F.3d 607 (7th Cir. 2004). Because Dover does not point to anything irrational about the District Court's refusal to reduce his sentence, he has not established any equal protection violation. See id.

4

For the reasons given, the District Court properly denied Dover's motion for sentence reduction. We will summarily affirm the judgment of the District Court. <u>Murray</u>, 650 F.3d at 248; <u>see also</u> 3d Cir. L.A.R.; I.O.P. 10.6.