In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 23-3205

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JARON JAY JACKSON,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 22-CR-55 — **William C. Griesbach**, *Judge.*

———————————

ARGUED SEPTEMBER 13, 2024 — DECIDED MARCH 28, 2025

———————————

Before EASTERBROOK, JACKSON-AKIWUMI, and KOLAR, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Jaron Jackson pleaded guilty to sex trafficking of a minor and transportation of child pornography. 18 U.S.C. §§ 1591(a)(1), (b)(2), 2252A(a)(1). The sentence is 240 months' imprisonment. Jackson's appeal under Fed. R. Crim. P. 11(a)(2) presents a single argument: that the district court should have suppressed evidence (photographs, text messages, and a video) found in his cell phone. The

search was authorized by a warrant, and Jackson concedes that the warrant was supported by probable cause. But he contends that the police took too long—40 days after his arrest—before seeking that warrant. The district court, however, denied the motion after concluding that the delay did not permit the police to obtain any evidence they would not have received had they sought a warrant immediately. 2023 U.S. Dist. Lexis 100549 (E.D. Wis. June 9, 2023).

The district judge found that the motion was untimely, which is beyond dispute. The court set July 1, 2022, as the deadline for pretrial motions. Jackson did not file any. In January 2023 the court appointed a different lawyer for Jackson, and in May 2023 counsel filed a motion to suppress evidence recovered from the phone. That motion was ten months late. Only "good cause" permits a district court to resolve an untimely motion to suppress. Fed. R. Crim. P. 12(b)(3)(C), (c)(3). The district court held a hearing to consider whether "good cause" justified the delay and concluded that it does not. 2023 U.S. Dist. Lexis 100549 at *6–9. That conclusion does not reflect any clearly erroneous finding or abuse of discretion.

We could stop there, but Jackson then could seek relief under 28 U.S.C. §2255 on the ground that the lawyers' unjustified delay violated his right under the Sixth Amendment to the assistance of counsel. One question in such a proceeding would be whether deficient legal assistance caused prejudice—in other words, whether a timely motion to suppress would have been granted. The district judge addressed that question to fend off any collateral attack. 2023 U.S. Dist. Lexis 100549 at *9–20. We think it prudent to do the same.

Jackson was arrested on June 30, 2019, and has been in custody since then. He was carrying a phone when arrested; that

phone was seized and has been retained. On August 9, 2019, a detective with the Oshkosh, Wisconsin, police asked for a warrant to search the phone's contents. A state judge promptly issued a warrant. It took until May 17, 2021, to bypass the phone's password protection; Jackson does not contend that this delay is problematic. (He could have avoided it by providing his passcode.) His argument is limited to the 40 days that elapsed between the phone's seizure and the application for a search warrant.

The Fourth Amendment provides that every search, whether or not authorized by a warrant, must be "reasonable". Courts often say that delay can make a search unreasonable. See, e.g., *United States v. Prideaux-Wentz*, 543 F.3d 954, 957–59 (7th Cir. 2008); *United States v. Mitten*, 592 F.3d 767, 775 (7th Cir. 2010); *Owens v. United States*, 387 F.3d 607, 608 (7th Cir. 2004). Suppose an informant reports seeing heroin in a house on Day 1, and the police do not mount a search until Day 40. By then the drugs may be gone—indeed, by Day 40 the house may have been sold and occupied by an innocent family. Delay reduces the chance of finding evidence and increases the risk of disrupting innocent persons' lives, so the passage of time may make the search unreasonable.

But that is not a risk in this case. The cell phone has been in official hands since June 30, 2019. It contains exactly the same evidence today as it did the moment it was seized. (Jackson has not contended that he possessed the ability to erase the phone remotely, and at all events he cannot receive a legal benefit from a potential attempt at spoliation of evidence.) A search in August 2019 created no greater risk of intruding on innocent persons' privacy than a search 40 days earlier would have done.

Suppose the police had arrested Jackson in his home and seized a strongbox that they believed contained evidence. Forty days later, they obtain a warrant that authorizes the box to be opened. That search would not pose any greater risk to any person than a search on the day the box had been seized, so the delay would not make the search unreasonable. Just so with a locked phone that the police seize when making an arrest.

This observation supposes that the police have a right to retain the phone or strongbox. Suppose an arrested person's phone is seized, after which the suspect posts bail and is released. The release presumptively entitles him to regain his possessions, for a phone like a car may be essential to lawful activities. Cf. *Riley v. California*, 573 U.S. 373 (2014) (discussing the importance of cell phones and the data they contain). The value of this possessory interest is why we suggested in *United States v. Burgard*, 675 F.3d 1029 (7th Cir. 2012), that six days' delay in obtaining a warrant to search a cell phone is near the outer limit. Burgard had been stopped and questioned but not arrested, though the police held onto his phone. We affirmed his conviction but cautioned officers not to assume that they could take longer than a week. Our opinion focused directly on the time during which the police deprived Burgard of his possessory interest. *Id.* at 1031, 1033. See also *United States v. Mitchell*, 565 F.3d 1347 (11th Cir. 2009) (21-day delay unreasonable when suspect was not in custody); *United States v. Pratt*, 915 F.3d 266 (4th Cir. 2019) (31-day delay unreasonable when suspect was not in custody).

Unlike the situation in *Burgard*, *Mitchell*, and *Pratt*, however, Jackson did not have a right to keep the cell phone in his possession during custody. No jail or prison allows inmates

to keep and use cell phones. Jackson told the district court that he could have exercised his possessory interest by giving the phone to a friend, to which the judge replied: "[E]ven though the rules governing the Milwaukee County Jail where Jackson was initially held allow inmates to release their property to other individuals, Jackson made no attempt to do so. He filed no motion for the return of his property, as Wisconsin law explicitly authorized him to do." 2023 U.S. Dist. LEXIS 100549 at *17 (citation omitted).

Had Jackson sought to regain or transfer the phone's possession—or indicated any concern about delay in searching its contents—that could have spurred the police to seek a warrant quickly. But he did not, so they did not. The time they took was not unreasonably long. This conclusion finds support in other circuits. See, e.g., *United States v. Sullivan*, 797 F.3d 623, 633–34 (9th Cir. 2015) (21-day delay in search of laptop computer reasonable when suspect was in custody); *United States v. Bragg*, 44 F.4th 1067, 1072–73 (8th Cir. 2022) (24-day delay reasonable when suspect was in custody and there was no evidence that he or anyone acting on his behalf made a request for phone's return); *United States v. Johnson*, 875 F.3d 1265, 1272, 1276 (9th Cir. 2017) (one-year delay reasonable when suspect was in custody and he did not seek the phone's return). The district court properly denied the motion to suppress the evidence recovered from the phone.

AFFIRMED