In the

# United States Court of Appeals

### For the Seventh Circuit

No. 07-3798

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RICO R. SIMS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 07 CR 10027—**Joe Billy McDade**, *Judge.*

ARGUED OCTOBER 23, 2008—DECIDED DECEMBER 24, 2008

Before BAUER, WOOD, and TINDER, *Circuit Judges*.

BAUER, *Circuit Judge*. While executing a search warrant, police discovered a firearm in possession of Rico R. Sims, a felon, a violation of 18 U.S.C. § 922(g). Sims pleaded guilty and reserved his right to challenge the district court's denial of his motion to suppress the evidence. On appeal, Sims argues that the search warrant was improper because material facts that diminished the informant's

reliability were not presented in the affidavit to the issuing judge. Sims also argues that the executing police officers could not have reasonably relied on such an improper warrant. For the following reasons, we affirm.

## I. BACKGROUND

Police arrested Alicia Dean following a routine traffic stop, uncovering 30 grams of ecstacy and 68 individually packaged bags containing almost 200 grams of marijuana. During an interview conducted by Peoria Police Officer Barisch, Dean stated that she had purchased the ecstacy days earlier from a friend in Chicago, but she refused to identify that person. Dean also stated that she had purchased the marijuana from Sims at his residence on Hurlburt Street in Peoria that very day. Dean claimed that she spoke regularly with Sims and was his "on-again-off-again" girlfriend. Dean identified Sims as the seller of the marijuana from a six-person photo lineup prepared by Barisch. Dean could not recall Sims's address but said that the house where she purchased the marijuana was on Hurlburt Street. Barisch drove toward the vicinity she described and Dean identified the house at 1022 W. Hurlburt Street as Sims's.

Barisch prepared a complaint seeking a search warrant for Sims's residence. Throughout the complaint, Barisch referred to Dean as "John Doe" to protect her identity. The complaint stated that Doe had been inside Sims's residence at 1022 W. Hurlburt Street within the past 72 hours and saw marijuana both in the house and on Sims. According to the complaint, Doe also described Sims by appearance

and identified him by his nickname, "Southpark." The complaint further stated that Barisch had shown Doe a lineup consisting of six similarly-looking black males and that Doe identified Sims's photograph as the person Doe knew by the nickname "Southpark."

Barisch also prepared an affidavit for Dean together with the complaint. In the affidavit, Doe stated that she was assuming the name "John Doe" in fear of retaliation for providing information to the police. Doe also stated that she had been in Sims's residence within the past 72 hours and had seen "a green leafy plant like material," represented as marijuana, in the home and on Sims. Doe stated that she knew Sims routinely sold marijuana from his home and on the streets of Peoria.

Doe also confirmed that she "positively identified" Sims's photograph from a photo lineup of six similarly-looking black males as the person in possession of the marijuana. Doe also stated in her affidavit that when Barisch had driven to 1022 W. Hurlburt, she identified it as Sims's residence and the place where she purchased the marijuana. Finally, Doe swore to the accuracy of the facts.

Later that night, Barisch and Dean met with a state court judge to obtain a search warrant for marijuana and other drug-related items in Sims's residence. This meeting took place in a police squad car on a public parking lot. In the judge's presence, Barisch signed the complaint and Dean signed the affidavit. The judge asked Dean if she was assuming the name "John Doe" in fear of retaliation and if everything in the affidavit was true and correct. Dean

replied affirmatively to both questions; the judge issued the search warrant.

The next day, the warrant was executed; the search uncovered around 20 grams of marijuana on Sims and two firearms, with ammunition, from the residence.

Sims was charged with being a felon in possession of a firearm. 18 U.S.C. § 922(g). Sims filed a motion to suppress the evidence, claiming that information not presented to the issuing judge diminished the informant's reliability in securing the search warrant. After a hearing, the district court denied the motion and held that the warrant was supported by probable cause and that Barisch could have reasonably relied on the warrant in good faith. The district court concluded that the informant's reliability was not successfully challenged and under the totality of the circumstances, the allegations in the affidavit and their reasonable inferences were sufficient to show probable cause to issue the warrant. Sims thereafter entered into a limited plea agreement and pleaded guilty to the charged crime, reserving the right to appeal the denial of his motion to suppress. The court accepted the agreement and plea, and found Sims guilty as charged. This timely appeal followed.

## II. DISCUSSION

Sims argues that the district court erred in failing to suppress evidence obtained from the search of Sims's residence. Specifically, Sims asserts that the affidavit in support of the search warrant failed to establish probable

cause because Dean's statements were not a reliable basis for the warrant. Sims also asserts that because the affidavit was so unreliable, police officers could not have reasonably relied on the warrant. The district court held that the affidavit adequately demonstrated probable cause to issue the search warrant. We agree.

In reviewing a district court's decision to deny a motion to suppress evidence, we review its legal conclusions *de novo* and its factual findings for clear error. *United States v. Berkos*, 543 F.3d 392, 396 (7th Cir. 2008). When a search is authorized by a warrant, we give "great deference" to the issuing judge's conclusion that probable cause has been established. *United States v. Garcia*, 528 F.3d 481, 485 (7th Cir. 2008) (quoting *United States v. McIntire*, 516 F.3d 576, 578 (7th Cir. 2008)). We defer to the issuing judge's initial probable cause finding if there is "substantial evidence in the record" that supports his decision. *United States v. Koerth*, 312 F.3d 862, 865 (7th Cir. 2002). A search warrant affidavit establishes probable cause when "it sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime." *United States v. Mykytiuk*, 402 F.3d 773, 776 (7th Cir. 2005) (internal quotations omitted). "[T]he task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Koerth*, 312 F.3d at 866. The judge, however, may not solely rely upon "conclusory allega-tions" or a "bare bones" affidavit when issuing a warrant. *Id.* at 877.

Where the affidavit is supported by an informant's tip, we examine the totality of the circumstances to determine probable cause. This inquiry encompasses several factors, including: (1) the extent to which the police have corroborated the informant's statements; (2) the degree to which the informant has acquired knowledge of the events through firsthand observation; (3) the amount of detail provided; and (4) the interval between the date of the events and the police officer's application for the search warrant. *United States v. Jones*, 208 F.3d 603, 609 (7th Cir. 2000). Significantly, we also consider whether the informant personally appeared and presented an affidavit or testified before the magistrate, thus allowing the judge to evaluate the informant's knowledge, demeanor, and sincerity. *United States v. Lloyd*, 71 F.3d 1256, 1263 (7th Cir. 1995).

On appeal, Sims argues that because Dean's arrest was not disclosed to the issuing judge, the judge could not have properly found Dean reliable as an informant. Sims claims that the judge should have been told that Dean was recently arrested for possession of large, distributable amounts of marijuana and that she resisted arrest. Sims also argues that the affidavit lacked detail as it failed to include: interior details of the residence to be searched, Dean and Sims's romantic status, and the amount of marijuana in Sims's residence. Because of these missing facts, Sims argues that Dean was not reliable to serve as the basis for the search warrant, and no corroborating evidence existed to cure her unreliability. We disagree; the evidence presented in Dean's affidavit clearly supported a determination of probable cause.

The affidavit for the search warrant alleged that Dean knew Sims sold marijuana out of his home and on the street; Dean had recently seen marijuana on Sims and in his residence within 72 hours; Dean had given a physical description of Sims and the exterior of the house where the drugs were located; Dean identified the home where she saw the drugs and Sims, which turned out to be Sims's residence; and Dean identified Sims from a photo lineup as the person at the Hurlburt Street home who had the drugs in his possession. Although Sims argues that other investigative methods could have further corroborated Dean's statements, simply because these methods "could have been done but were not does not in any way detract from what was done." *Jones*, 208 F.3d at 607. Here, the issuing judge was presented with an affidavit reflecting believable and corroborated evidence, enough to find probable cause.

Importantly, Dean was also presented to and questioned by the issuing judge. The judge asked Dean whether: (1) she was submitting her affidavit as "John Doe" in fear of Sims retaliating against her; and (2) whether all information provided in the affidavit was true and correct. Although Sims argues that the questions do nothing to bolster Dean's reliability, we conclude that the judge was able to personally assess Dean's truthfulness by the confrontation; under a totality of the circumstances, the reasonable inferences taken from the meeting further supported the issuing judge's finding of probable cause for the warrant.

However, the law allows a challenge of affidavits on the ground that material facts were omitted and that the

omission was made intentionally or with reckless disregard for the truth. *United States v. Williams*, 737 F.2d 594, 604 (7th Cir. 1984); *United States v. McNeese*, 901 F.2d 585, 594 (7th Cir. 1990). Sims argues that, had the omissions of fact surrounding Dean's arrest been included in the affidavit, no judge would have found Dean reliable and probable cause would not have been found.

We disagree; we find that the omission does not even rise to a level of negligence because there was already a sufficient amount in the affidavit to establish probable cause. As previously discussed, Dean's statements in the affidavit established that there was a high probability that Sims possessed marijuana on his person and in his home; we do not believe that the omission of Dean's arrest was made knowingly or with reckless disregard for the truth.

More importantly, such information did not reach the level of constitutional materiality to a probable cause determination; had the arrest been disclosed, there is not a reasonable probability that the results of the proceeding would have been different. Probable cause was properly found by the issuing judge based on the information before him. *United States v. Danovaro*, 877 F.2d 583, 587-88 (7th Cir. 1989) (validity of warrant upheld based upon affidavit that deliberately withheld details for the protection of the informant, as long as the information excised was not essential to support the warrant). Our review of the affidavit reveals that the issuing judge had a substantial basis for concluding that probable cause existed, and the omission of Dean's arrest does not detract from this finding.

### III. CONCLUSION

The district court properly denied Sims's motion to suppress. Accordingly, we AFFIRM his conviction.