## In the
## United States Court of Appeals
### For the Seventh Circuit

No. 11-1662

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

COREY SEARCY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 10-CR-33—**Charles N. Clevert, Jr.**, *Chief Judge*.

ARGUED SEPTEMBER 9, 2011—DECIDED DECEMBER 30, 2011

Before CUDAHY, POSNER, and WILLIAMS, *Circuit Judges*.

CUDAHY, *Circuit Judge*. This is a case about a search warrant based on an affidavit containing information provided by a confidential informant. Although the confidential informant could have provided additional information regarding any past interactions with the defendant or regarding the model of firearm the defendant illegally possessed, we believe the affidavit set forth sufficient facts to establish probable cause. For this reason we affirm.

On July 1, 2009, Officer Andrew Matson of the Greater Racine Gang Task Force applied for a search warrant to search the home of defendant Corey D. Searcy. His supporting affidavit was based primarily on information provided by a confidential informant. The affidavit stated, in relevant part, that the confidential informant contacted Officer Matson and informed him that he observed Searcy with a firearm in the residence located at 2220 Harriet Street, Racine, Wisconsin within the past 72 hours. The informant further stated that Searcy lives at that address with other family members and that the residence was shot at in the past two weeks by gang members due to an ongoing gang feud. Officer Matson's affidavit stated that he considered the informant reliable because the informant had provided information in the past six months that resulted in the arrest of three different individuals.

The affidavit also stated that Officer Matson was able to partially corroborate the informant's statements. Racine Police Department records showed that Searcy's primary address was 2220 Harriet Street. The utilities for that address were listed under Lenna Gardner, a family member of Searcy. Officer Matson's check of Searcy's criminal history confirmed that Searcy had a felony conviction (Possession of Cocaine with Intent to Deliver). Moreover, Officer Matson knew from his experience on the Greater Racine Gang Task Force that Searcy was an active member of the Vice Lords street gang, which, he stated, is known for illegal activities, including weapons-related offenses and illegal drug trafficking.

Based on this affidavit, a state court judge authorized a search warrant for Searcy's residence. Execution of the warrant recovered two firearms. On February 23, 2010, a grand jury indicted Searcy with one count of felon in possession of a firearm.

On March 16, 2010, Searcy filed a pre-trial motion to suppress evidence. He contended that the search warrant did not establish probable cause because the informant's statements lacked sufficient detail and independent corroboration. The magistrate judge concluded that the totality of the circumstances supported the finding of probable cause, and that, in any event, the evidence survived under the good faith exception. On the defendant's objection to the magistrate's recommendation, the district court adopted the magistrate's recommendation and denied the defendant's motion to suppress. The defendant then entered into a plea agreement with the government, reserving his right to appeal the denial of his motion to suppress.

I.

On appeal, Searcy renews his argument that the search warrant executed at his home was not supported by probable cause. On this question, we review the district court's decision *de novo*, but give "great deference" to the conclusion of the judge who initially issued the warrant. *United States v. Garcia*, 528 F.3d 481, 485 (7th Cir. 2008) (citing *United States v. McIntire,* 516 F.3d 576, 578 (7th Cir. 2008)). "When an affidavit is the only evidence presented to a judge in support of a

search warrant, the validity of the warrant rests solely on the strength of the affidavit." *United States v. Peck*, 317 F.3d 754, 755-56 (7th Cir. 2003). Probable cause is established when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime. *See Illinois v. Gates,* 462 U.S. 213, 238 (1983).

Where probable cause is based on information supplied by an informant, we employ a totality-of-the-circumstances inquiry encompassing several factors: first, the degree to which the informant acquired knowledge of the events through firsthand observation; second, the detail and specificity of the information provided by the informant; third, the interval between the date of the events and a police officer's application for the search warrant; and fourth, the extent to which law enforcement corroborated the informant's statements. *Garcia*, 528 F.3d at 485-86. No one factor is determinative and a "deficiency in one factor may be compensated for by a strong showing in another or by some other indication of reliability." *Peck*, 317 F.3d at 756 (citing *United States v. Brack,* 188 F.3d 748, 756 (7th Cir. 1999)).

In the present case, we conclude that, based on the totality of circumstances, Officer Matson's affidavit provided sufficiently reliable information to support the issuance of a search warrant. We therefore affirm the district court's denial of the defendant's motion to suppress. Though we agree with the defendant that the informant's credibility is of prime importance here,

an analysis of the totality-of-the-circumstances factors shows why the information contained in the affidavit was sufficiently reliable to support a finding of probable cause.

First, the key information provided by the informant—that he or she observed Searcy with a gun in his home—was obtained through firsthand observation. This information was also transmitted within a relatively short period of time—72 hours—before the application for the search warrant and certainly was not stale. Moreover, the information furnished by the informant was largely corroborated by law enforcement. Officer Matson, by checking the police records, which listed that location as his primary address, verified that Searcy in fact resided at 2220 Harriet Street. Officer Matson also confirmed that the utilities serving that location were in the name of Lenna Gardner, whom Officer Matson knew to be a member of Searcy's family. Lastly, the informant's statement that Searcy's home was shot at by a rival gang was consistent with Officer's Matson's understanding that Searcy was an active member of the Vice Lords gang, which is often involved in weapons-related incidents.

Searcy focuses on the affidavit's lack of detail about the physical location and circumstances of the informant's observations. Though we agree that the affidavit was lacking in specificity, this shortcoming, on balance, is not sufficient to overturn a finding of probable cause. Facts indicating how the informant came to be inside Searcy's home or where exactly in the home he saw

Searcy with the gun would have been helpful, but they are by no means required to establish probable cause. *See Garcia*, 528 F.3d at 486. Rather, given the fact that the informant's previous dealings with the police led to three arrests in the past six months, and, as the magistrate judge in the current case noted, because the informant faced criminal prosecution for furnishing false information to police, the informant's information was sufficiently reliable to compensate for its lack of detail. *See United States v. Koerth*, 312 F.3d 862, 871 (7th Cir. 2002) ("[A] magistrate in the exercise of sound judgment is entitled to give greater weight to a tip from a known informant, who can be held responsible should he be found to have given misleading information to police officers, and thus has an incentive to provide truthful information to the detectives.").

Searcy relies on three cases—*United States v. Peck*, 317 F.3d 754, *United States v. Koerth*, 312 F.3d 862, and *United States v. Bell*, 585 F.3d 1045 (7th Cir. 2009)—that he argues compel a different result. They do not. In each of those cases, the affidavit's lack of specificity was compounded by other indicia of unreliability not present here. In *Bell* and *Peck*, for instance, the contraband in question consisted of drugs that are easily mistaken for other, legal substances. The same is not true of firearms. Further, the amount and frequency of distribution of the drugs were important in *Bell* and *Peck* because those facts were elements of the offense for which probable cause was being established. If a magistrate is to reasonably conclude that the items being sought are associated with *a crime* (i.e., possession with intent to

distribute), specific information had to be adduced relating to the elements of that crime. Here, the mere possession of a firearm is all that is required to establish the commission of the offense.[1]

Moreover, the lack of specificity in *Koerth*, *Peck*, and *Bell* took on increased significance because the informants in those cases had no history of providing reliable information to police. Such history is important in determining whether, or the extent to which, an informant's information is colored by a bias against a defendant. In Searcy's case, the informant had recently provided information to police about three different individuals, all leading to arrests.[2] The informant's pattern of reporting information to police with respect to other individuals indicates that the informant is not targeting Searcy. We are therefore less concerned than we were in *Bell* about whether the informant "is a rival drug dealer, an angry customer, or had some beef with [the defendant]." *Bell*, 585 F.3d at 1050. As the magistrate judge below noted, "[It] is one thing to sic the authorities onto a person against whom you might have a personal grudge. It is an entirely different matter to give

---

[1] Of course, the suspect must also be a convicted felon, but that element was clearly satisfied by Matson's check of Searcy's criminal history

[2] Searcy contends that the informant is not reliable because his previous provision of information to police did not result in successful convictions. The fact that the informant's furnished information led to arrests rather than convictions, while potentially relevant, is not dispositive in this case. *See Garcia*, 528 F.3d at 486; *cf. Koerth*, 312 F.3d at 867.

the authorities information to support the arrests of three separate individuals." Def's Br. at A. 23; *see also Garcia*, 528 F.3d at 486.

On balance, a reasonable fact finder could conclude that the affidavit set forth sufficient facts to establish probable cause. The informant provided fresh information that he observed firsthand and which law enforcement adequately corroborated. The informant's history of providing reliable information to the police compensates for any absence of detail in the affidavit. We therefore affirm the denial of the motion to suppress.

## II.

Even if we were to assume that probable cause was lacking, the evidence here would still survive under the good faith exception principle of *United States v. Leon*, 468 U.S. 897 (1984). It is well settled that under *Leon*, the suppression of evidence seized pursuant to a search warrant that is later declared invalid is inappropriate if the officers who executed the warrant relied in good faith on the issuing judge's finding of probable cause. *Leon,* 468 U.S. at 920-24. An officer's decision to obtain a warrant is *prima facie* evidence that he or she was acting in good faith. *United States v. Otero*, 495 F.3d 393, 398 (7th Cir. 2007). A defendant can rebut the presumption of good faith only by showing (1) that the issuing judge abandoned his or her detached and neutral role, (2) the officers were dishonest or reckless in preparing the affidavit, or (3) the warrant was so lacking

in probable cause as to render the officer's belief in its existence entirely unreasonable. *Id.*

Additionally, police officers are "charged with a knowledge of well-established legal principles," *Koerth,* 312 F.3d at 869 (quoting *United States v. Brown*, 832 F.2d 991, 995 (7th Cir. 1987)), and the corresponding "responsibility to learn and follow applicable legal precedent." *United States v. Mykytiuk,* 402 F.3d 773, 777-78 (7th Cir. 2005). Thus, the evidence is admissible unless (1) courts have clearly held that a materially similar affidavit previously failed to establish probable cause under facts that were indistinguishable from those presented in the case at hand, or (2) the affidavit is so plainly deficient that any reasonably well-trained officer "would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." *Koerth*, 312 F.3d at 869 (quoting *Malley v. Briggs*, 475 U.S. 335, 345 (1986)).

Because Officer Matson obtained a search warrant, the defendant shoulders the burden of satisfying one of the *Leon* exceptions. The defendant cannot meet this burden. The defendant contends that in *Bell*, *Peck*, and *Koerth*—all three of which found the exception applicable—there were facts supporting the exception that do not exist here. We disagree.

In *Bell*, this Court noted the police officers' ability to corroborate the informant's information; here Officer Matson was able to corroborate Searcy's home address, conviction, gang affiliation, and motive for possessing a firearm. In *Koerth*, the informant was not unknown

and faced potential criminal charges for furnishing false information to law enforcement. The same is true here. Finally, in *Peck*, the officer's good faith was evidenced by the fact that he required the informant to appear before the magistrate. Here, on the other hand, the informant's history of providing reliable information was sufficient to demonstrate at least a modicum of credibility and reliability.

But, the primary bases of applying the *Leon* exception in *Bell* (corroboration), *Koerth* (incentive to provide true information) and *Peck* (ensuring reliability) are all present here. Therefore, as we did in those cases, we find that the investigator preparing the affidavit did not act unreasonably in relying upon the informant's information to obtain a search warrant.

Additionally, we note that Searcy has failed to provide us with any cases holding that an affidavit materially similar to Officer Matson's would fail to meet the test of establishing probable cause (much less satisfy the *Leon* test) based upon information from a named informant. In fact, we agree with the magistrate that these facts are eerily similar to those in *United States v. Garcia*, 528 F.3d 481 (7th Cir. 2008). In that case, the informant—who had previously provided information leading to the arrest of at least three individuals—personally observed contraband in the defendant's home that he believed to be cocaine because of his past experience with the substance. *Garcia*, 528 F.3d at 486. The information led to the execution of a search warrant within 72 hours. *Id.* Given these factual similarities, it is entirely rea-

sonable, if not inescapable, for a law enforcement official to believe that the warrant in the present case was based upon probable cause.

For the foregoing reasons, the judgment of the district court is AFFIRMED.