NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2012
Decided May 23, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-3150

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 CR 595-1 |
| WILLIE BROWN, *Defendant-Appellant.* | Virginia M. Kendall, *Judge.* |

**O R D E R**

An informant told Chicago police officer Antonio Herrera that Willie Brown had given the informant crack cocaine and heroin to sell during a meeting in Brown's apartment earlier that day. Herrera obtained a warrant from a state judge to search Brown and his apartment. During the search, officers recovered heroin and several guns.

Brown was indicted on charges of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), possession of heroin with intent to distribute, 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A). He moved to suppress the drugs and guns on the ground that the affidavit supporting the search warrant does not establish the reliability of the informant or, consequently, probable

cause. The district court denied the motion without an evidentiary hearing. The court concluded that the affidavit establishes probable cause and, at the very least, is sufficient for the police to have relied upon the warrant in good faith. Brown then pleaded guilty to the § 922(g)(1) count, reserving the right to challenge the district court's suppression ruling on appeal. See FED. R. CRIM. P. 11(a)(2). At sentencing, over Brown's objection, the district court determined that he is an armed career criminal and imposed the statutory minimum of 180 months' imprisonment, see 18 U.S.C. § 924(e)(1), more than 2 years below the low end of his guidelines range (210 to 262 months).

Brown filed a notice of appeal, but his newly appointed lawyer has concluded that the appeal is frivolous and seeks permission to withdraw. See *Anders v. California*, 386 U.S. 738 (1967). Brown has not accepted our invitation to comment on counsel's facially adequate submission. See CIR. R. 51(b). We limit our review to the potential issues that counsel discusses. See *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002). Brown has told his attorney that he does not want his guilty plea set aside unless the district court's ruling on the suppression motion is overturned, so counsel properly forgoes discussing the adequacy of the plea colloquy or the voluntariness of the plea. See *United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel first considers challenging the ruling on Brown's suppression motion but rightly concludes that the proposed claim would be frivolous. When a challenged search warrant is obtained on an informant's tip, courts evaluate several factors in deciding if the information is sufficiently reliable to support the issuing judge's determination of probable cause. Those factors include the extent to which the informant's tip was based on firsthand observation, the level of detail provided, the length of time between the events described by the informant and the officer's application for a warrant, and the extent to which police corroborated the informant's statements. *United States v. Searcy*, 664 F.3d 1119, 1122 (7th Cir. 2011); *United States v. Garcia*, 528 F.3d 481, 486 (7th Cir. 2008). Also relevant is whether the informant accompanied the applicant before the judge who approved the warrant. See *United States v. Sims*, 551 F.3d 640, 644 (7th Cir. 2008); *United States v. Koerth*, 312 F.3d 862, 866 (7th Cir. 2002). Here the informant recounted firsthand dealings with Brown at his apartment during the six to seven months he had worked for Brown and included details about the amount and street value of the drugs. As for timing, Officer Herrera sought the warrant the morning after the informant's most-recent drug deal at Brown's apartment. Finally, the informant appeared before the judge when Herrera sought the warrant, providing the judge with an opportunity to assess the informant's credibility. See *Sims*, 551 F.3d at 644; *United States v. Jones*, 208 F.3d 603, 609 (7th Cir. 2000). Particularly in light of the great deference we owe to the decision of the issuing judge, *Illinois v. Gates*, 462 U.S. 213, 236 (1983); *United States v. Billian*, 600 F.3d 791, 792 (7th Cir. 2010), we would deem frivolous an argument contending that Herrera's affidavit does not establish probable

cause to believe that illegal drugs would be found in Brown's apartment, see *United States v. McIntire*, 516 F.3d 576, 579 (7th Cir. 2006).

Moreover, as counsel acknowledges, an appellate claim that the district court abused its discretion in not conducting an evidentiary hearing on the suppression motion would be similarly frivolous. An evidentiary hearing is necessary only when there is a disputed issue of material fact, see *United States v. Curlin*, 638 F.3d 562, 564 (7th Cir. 2011); *United States v. Walker*, 237 F.3d 845, 850 (7th Cir. 2001), and here the only disagreement was whether the application for the search warrant supports the determination of probable cause or, at the very least, is not so meager that a reasonable police officer would recognize the warrant to be invalid, see *Walker*, 237 F.3d at 850–51; *United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006). These were purely legal determinations that did not require factual development through an evidentiary hearing.

Counsel next evaluates whether Brown might dispute that his criminal history makes him an armed career criminal. A defendant who violates § 922(g)(1) after three or more convictions for a "violent felony" or "serious drug offense" is an armed career criminal, 18 U.S.C. § 924(e)(1). At sentencing Brown conceded that 2 of his past convictions are for serious drug offenses because each carried a maximum potential prison term of 10 years or more. See *id.* § 924(e)(2)(A)(ii). He argued, however, that 4 other drug convictions are not predicates because, for each, the possible prison sentence met the 10-year threshold only after applying a recidivism enhancement. But Brown's argument is foreclosed by *United States v. Rodriquez*, 553 U.S. 377 (2008), which holds that recidivism enhancements count in assessing whether the maximum prison sentence for a conviction met the 10-year threshold for a serious drug offense. *Id.* at 382–84; see *United States v. Henton*, 374 F.3d 467, 470 (7th Cir. 2004). Thus, we agree with counsel that the proposed argument would be frivolous.

Counsel last evaluates, but rightly deems frivolous, a challenge to the reasonableness of Brown's 180-month prison sentence. Brown's sentence is the lowest the judge could have imposed and therefore cannot be deemed unreasonably high. See *United States v. Cannon*, 429 F.3d 1158, 1160–61 (7th Cir. 2005); *United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.