NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 23, 2014[*]
Decided January 23, 2014

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 12-3758

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 08 CR 848 |
| JOE HESTER, *Defendant-Appellant.* | Robert M. Dow, Jr., *Judge.* |

**O R D E R**

Joe Hester appeals from his convictions for drug and gun offenses. He argues primarily that the fruits of a search of his apartment should have been suppressed. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

In summer 2007, Chicago police officers learned from a confidential informant that a person named "Joe" sold heroin out of a south-side apartment later determined to be the residence of Joe Hester. "Joe," reported the informant, had brandished a chrome, semi-automatic firearm when selling him drugs. Based on this information, Officer Cedric Taylor prepared a probable-cause affidavit and obtained a warrant to search the apartment and seize the weapon. While executing the warrant, police officers located and seized multiple weapons, as well as powder and crack cocaine. Hester also admitted to the officers that everything illegal in the apartment was his. Hester was arrested on state charges that were later dismissed.

In October 2008 Hester was arrested on a federal charge of possession of a firearm while a felon. *See* 18 U.S.C. § 922(g)(1). After his initial appearance, he was detained while the government sought an indictment. Before Hester was indicted, then-Chief Judge Holderman granted the government three continuances. One continuance was granted in order to accommodate a grand jury witness who wished to retain counsel, another to allow the government more time to receive the results of forensic tests on narcotics and fingerprints from Hester's apartment, and the third to allow more time for the fingerprint analysis to be completed. Hester was indicted in February 2009 on two counts of possession with intent to distribute a controlled substance, *see* 21 U.S.C. § 841(a)(1), and one count of possessing a weapon while a felon.

Following his arraignment Hester moved to dismiss the charges under the Speedy Trial Act because he was not indicted within 30 days after his arrest (the period actually was four months). 18 U.S.C. § 3161(b). District Judge Manning, to whom the case had been reassigned, denied the motion. After reviewing the earlier findings supporting the continuances, Judge Manning concluded that they sufficed to exclude all of the covered period and thus no Speedy Trial Act violation had occurred.

Three months later Hester moved again to dismiss the charges against him, this time arguing that his prior felony convictions in Illinois could not serve as predicate felonies for the felon-in-possession charge because Illinois had restored his civil rights after his release from prison. Judge Dow, to whom the case had again been reassigned, denied this motion because Hester had another prior felony conviction: felony burglary in Georgia.

Six months later Hester moved to dismiss the charges against him a third time, asserting that he had been deprived the assistance of counsel when his retained lawyer, William Laws, failed to file a formal appearance with the court. At an evidentiary

hearing on the matter, Laws testified that he had appeared in court and advocated for Hester at both his bail hearing and his arraignment, but never intended to represent him and appeared only as a "friend of the court." Judge Dow denied this motion as well, concluding that Hester's argument exalted form over substance, and that Laws actually represented Hester despite his failure to file a formal appearance.

Hester later challenged the search of his home, insisting that probable cause did not exist to search the apartment; he also sought a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), to determine whether the affidavit used to obtain the warrant was willfully falsified. Hester believed that the story told by the informant was too conclusory to establish probable cause that a gun was in his apartment, and maintained that the informant's account was a fabrication hatched by the police to manufacture probable cause. Judge Dow disagreed, finding the affidavit sufficiently detailed to establish probable cause, and rejecting the need for a *Franks* hearing because Hester failed to show any false statements in Officer Taylor's affidavit.

The case proceeded to trial, and a jury found Hester guilty on all counts. Hester moved for judgment notwithstanding the verdict, and that motion was denied.

On appeal, Hester principally challenges Judge Dow's conclusion that probable cause existed to search his apartment and that a *Franks* hearing was not required. He maintains that the allegations in Officer Taylor's affidavit are too conclusory to establish probable cause; the affidavit, he says, lacked facts about how the informant came to be in his apartment, or how the informant knew him. These omissions also make clear, he asserts, that the affidavit contained deliberate or reckless misrepresentations.

Judge Dow correctly concluded that Officer Taylor's affidavit provided probable cause for the search. Because the affidavit was the only evidence supporting the search warrant, the warrant stands or falls with the affidavit. *United States v. Bell*, 585 F.3d 1045, 1049 (7th Cir. 2009). The affidavit contained detailed information about the informant's activities, including physical descriptions of Hester and the apartment building, a description of the gun Hester brandished during the sale, and a description of the effect on the informant of a substance alleged to be heroin. It also recounted the informant's successful working relationship with the police. These facts would persuade a reasonable person that a search of Hester's apartment would uncover evidence of crime. *See United States v. Lake*, 500 F.3d 629, 632–33 (7th Cir. 2007); *United States v. Brack*, 188 F.3d 748, 755–56 (7th Cir. 1999). Despite Hester's protestations, information about how the informant entered Hester's building or how the informant

came to learn that Hester sold heroin is not necessary to establish probable cause. *See United States v. Searcy*, 664 F.3d 1119, 1123 (7th Cir. 2011) (because informant's information was reliable, "facts indicating how the informant came to be inside Searcy's home . . . are by no means required to establish probable cause").

Judge Dow also correctly determined that Hester's conclusory allegations about the falsification of the search-warrant affidavit do not amount to the "substantial preliminary showing" required to obtain a *Franks* hearing. *United States v. Johnson*, 580 F.3d 666, 670–71 (7th Cir. 2009); *United States v. Taylor*, 154 F.3d 675, 679–80 (7th Cir. 1998). As Judge Dow explained, Hester failed to meet his considerable burden: he failed to show that any false or misleading statement was included in the affidavit supporting the warrant; that Officer Taylor made any false statement intentionally or with reckless disregard for the truth; or that any false or misleading information was necessary for the probable-cause finding. *See Franks*, 438 U.S. at 155–56; *Johnson*, 580 F.3d at 670.

Relatedly, Hester argues that the district court abused its discretion by refusing to force the government to disclose the identity of the confidential informant. But Judge Dow correctly declined to compel production of the informant's identity. Demonstrating a need for the informant's identity was Hester's burden, *see United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994), and his conclusory allegations of fraud based on the affidavit's lack of specificity are insufficient.

Hester next asserts that Judge Holderman abused his discretion by granting the government four months of pre-indictment continuances even though it then had enough evidence to indict him. But Judge Holderman did not abuse his discretion in extending time for the government to put certain witnesses or evidence before the grand jury. *See United States v. Gilmer*, 534 F.3d 696, 705 (7th Cir. 2008) (not abuse of discretion to grant continuance to allow government to subpoena records and speak to potential grand jury witnesses). Furthermore, Hester made no attempt to show that the resulting delay prejudiced his defense. *See United States v. Larson*, 417 F.3d 741, 745 (7th Cir. 2005).

Hester next challenges Judge Dow's conclusion that he was not denied his Sixth Amendment right to representation during critical stages of the proceedings. Hester believes that he was deprived representation because Laws never filed a formal appearance with the district court. But the "[f]ailure of [Laws] to file an appearance did not . . . result in the defendant not being represented." *United States v. Veras*, 51 F.3d

1365, 1369 (7th Cir. 1995). Nothing in the record suggests that Hester suffered from a breach in representation, so it cannot be said that he was denied his right to counsel. *Id.*

Hester also argues that Judge Dow erred by refusing to dismiss the gun charge against him on the basis of *Buchmeier v. United States*, 581 F.3d 561, 567 (7th Cir. 2009) (en banc). In that case a letter sent by the state of Illinois informing a felon that his civil rights had been restored precluded the felon's previous Illinois convictions from serving as predicate felonies under 18 U.S.C. § 922(g)(1). Hester, who received a similar letter from the state of Illinois, argues that his prior Illinois convictions also cannot count as predicate felonies, so he could not be charged in Illinois as a felon in possession. But apart from those Illinois convictions, his conviction for violating § 922(g)(1) could be predicated on his Georgia conviction, which Hester does not contest. And a restoration of civil rights in one jurisdiction has no effect on convictions from other jurisdictions. *Beecham v. United States*, 511 U.S. 368, 371–72 (1994); *United States v. Thompson*, 117 F.3d 1033, 1035 (7th Cir. 1997).

Hester further argues that the evidence presented at his trial was insufficient to convict him. But a rational trier of fact could find him guilty. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence presented against him was largely unrebutted and overwhelming: The government presented expert evidence that the drugs found during the execution of the search warrant were powder and crack cocaine, elicited testimony establishing that the guns found in the search had moved interstate, and demonstrated that Hester lived in the searched apartment—connecting him to both the drugs and the guns. Hester presented no witnesses of his own.

Finally, Hester argues that his sentence must be vacated in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). But *Alleyne* matters only when a defendant's statutory minimum sentence is raised by a finding of fact. *Id.* at 2155. Hester was not subject to any statutory minimum sentence, so his sentence could not violate *Alleyne*.

AFFIRMED.