In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-3262

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

SIDNEY THOMPSON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 13-cr-10086 — **James E. Shadid**, *Chief Judge.*

ARGUED JUNE 10, 2015 — DECIDED SEPTEMBER 11, 2015

Before MANION, WILLIAMS, and HAMILTON, *Circuit Judges.*

PER CURIAM. Sidney Thompson challenges the denial of a motion to suppress evidence that was seized from his house during execution of a state search warrant. The affidavit underlying that warrant, Thompson argued, does not establish probable cause. The district court disagreed with this contention and, alternatively, concluded that the police relied on the warrant in good faith. We conclude that, even if the affidavit does not include sufficient facts to establish probable cause,

the evidence was admissible under the good-faith exception to the exclusionary rule.

In July 2013 a circuit judge in Peoria County, Illinois, issued a warrant to search Thompson and his house in Peoria for evidence that cocaine was being sold and used. The judge issued the warrant based exclusively on the affidavit of Peoria police officer Matthew Lane, who averred that an informant had told him that "a black male" named Sidney "routinely sells cocaine" from his house in Peoria. According to Officer Lane's affidavit, the informant had recounted going to Sidney's house twice within the past 30 days (most recently within 72 hours) and both times observing "cocaine in and about the premises" and seeing Sidney with "a quantity of an off white like rock substance that was represented to be cocaine." Officer Lane attested that the informant had provided Thompson's address and his physical description.

Officer Lane explained in the affidavit that he had corroborated some of the informant's information. He knew from prior investigations that Thompson matched the physical description given by the informant, and the informant had picked Thompson from a photo array as "Sidney." Officer Lane also had checked Thompson's criminal history and found 14 arrests involving drugs and 4 convictions. A state database gave Thompson's address as the one provided by the informant, and Officer Lane had conducted surveillance and seen Thompson enter and exit the side door of the house. As for the informant's reliability, Officer Lane stated in the affidavit that one time previously the informant had made a controlled buy of marijuana and another time had given information which led to a search warrant and the suspect's arrest for possessing a controlled substance.

Police officers executed the search warrant for Thompson and his house the same day it was issued. They found about 17 grams of cocaine in the house, and a federal grand jury charged Thompson with possessing the drugs with intent to distribute. *See* 21 U.S.C. § 841(a)(1). Thompson moved to suppress the cocaine, arguing that Officer Lane's affidavit does not establish probable cause. According to Thompson, the affidavit provides "nothing more than mere conclusions and assertions of wrongdoing." The affidavit, he said, omits details—e.g., the amount of drugs seen by the informant, how the informant knew that the powder was cocaine, and whether other people were at the house—and the informant did not appear before the state judge. Moreover, Thompson argued, the good-faith exception of *United States v. Leon*, 468 U.S. 897, 919–23 (1984), could not salvage the search because, in his view, the affidavit is so facially deficient that no officer reasonably could have believed that it supplies probable cause.

At a hearing on the motion, Thompson repeated his argument that the affidavit's accusation of drug sales is "summary in nature" and provides "no information" about "how the confidential informant [drew] these conclusions." In response the district judge initially declined to decide if Officer Lane's affidavit establishes probable cause. Rather, the judge concluded from the bench that, although the affidavit "does lack some detail," the good-faith exception of *Leon* "would make this a valid search warrant." It was significant, the judge thought, that the informant had been in Thompson's house within 72 hours, that the informant had described Thompson in detail, and that Officer Lane had corroborated some of the informant's information. After the hearing, though, the judge issued a written order concluding that Officer Lane's affidavit

indeed establishes probable cause. And as he had said at the hearing, the judge added that, probable cause or no, the cocaine would be admissible because the warrant was obtained and executed in good faith. Thompson then entered a conditional guilty plea, reserving for appeal his challenge to the district court's ruling.

In this court Thompson renews his argument that the affidavit does not supply probable cause. Where, as here, the district judge made no factual findings and simply examined the affidavit submitted to the state judge who issued the search warrant, we evaluate, giving "great deference" to the issuing judge's conclusion, whether that judge acted on the basis of probable cause. *United States v. Aleshire*, 787 F.3d 1178, 1179 (7th Cir. 2015); *see United States v. McIntire*, 516 F.3d 576, 578 (7th Cir. 2008). Probable cause exists when, based on the totality of the circumstances, there is a fair probability that a search will uncover contraband or evidence of a crime. *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *see United States v. Sutton*, 742 F.3d 770, 773 (7th Cir. 2014). When a finding of probable cause incorporates information from an informant, we consider "(1) the degree to which the informant has acquired knowledge of the events through firsthand observation, (2) the amount of detail provided, (3) the extent to which the police have corroborated the informant's statements, and (4) the interval between the date of the events and the police officer's application for the search warrant." *Sutton*, 742 F.3d at 773; *see United States v. Garcia*, 528 F.3d 481, 486 (7th Cir. 2008). Under this totality-of-the-circumstances inquiry, no single factor controls, and a weakness in one may be overcome by other factors or by other indicia of reliability. *See United States v. Searcy*, 664 F.3d 1119, 1122 (7th Cir. 2011).

We share the district court's initial instinct about the weakness of this affidavit. Like other affidavits that we have criticized, this one falls short of what we would expect to see in a case brought by federal prosecutors. We are growing weary of thin affidavits that suffer from the same omissions which provoked our criticism in the past. We recognize that law enforcement officers have a legitimate interest in minimizing some details about an informant's presence at the location to protect the informant's identity. *See United States v. Glover*, 755 F.3d 811, 818 (7th Cir. 2014); *Garcia*, 528 F.3d at 486; *United States v. Hicks*, 575 F.3d 130, 138 (1st Cir. 2009). But still there must be enough factual content in an affidavit to establish probable cause. Here, for example, the affidavit omits an estimate of the amount of drugs seen by the informant (instead stating only that cocaine was routinely sold at the residence). Too much precision, of course, might unmask the informant if the specific amount was present only briefly while the informant was in the house. Yet we said in *Owens v. United States*, 387 F.3d 607, 608 (7th Cir. 2004), that an estimate of the drug quantity seen at the premises gives the issuing judge reason to conclude that some of the drugs or other evidence would still be present at the location. *See also Garcia,* 528 F.3d at 487; *United States v. Matthews*, 753 F.3d 1321, 1325 (D.C. Cir. 2014). And it seems easy enough to explain how the informant knew (besides being told) that the substance was cocaine. *See United States v. Peck*, 317 F.3d 754, 755, 757 (7th Cir. 2003) (noting that informant's unstated "personal experiences" and what she had been told about wrapped packages by suspect did little to shore up informant's assertion that packages at suspect's house contained cocaine and marijuana). Disclosing that the informant has used or sold a particular drug in the past is one common way of establishing the reliability of an

informant's representation that the substance was present in the location to be searched. *See, e.g., Sutton*, 742 F.3d at 772; *United States v. Sims*, 551 F.3d 640, 644 (7th Cir. 2008); *Garcia*, 528 F.3d at 486; *United States v. Johnson*, 289 F.3d 1034, 1036 (7th Cir. 2002); *United States v. Jones*, 208 F.3d 603, 606 (7th Cir. 2000). These details would strengthen an affidavit, and the government has not suggested that including them would risk compromising an informant's identity.

All that said, we need not decide whether the state judge who issued the warrant had a basis for finding probable cause, since the search of Thompson's residence survives a motion to suppress under the good-faith exception of *Leon*, 468 U.S. at 919–23. Officer Lane's decision to obtain a warrant is prima facie evidence that he was acting in good faith. *See Searcy*, 664 F.3d at 1124. Thompson challenges that presumption by arguing that a police officer could not reasonably rely on a search warrant which, he insists, rests on less detail than the affidavit in *Garcia*, a case in which we saw reason to "hesitate" before finally deciding that a "sensible judge" could have found that the challenged affidavit included enough information to establish probable cause. 528 F.3d at 486. It is true that the affidavit in this case lacks many of the same details missing from the affidavit in *Garcia*, but we reject Thompson's suggestion that Officer Lane's affidavit is materially inferior. As we've noted, Officer Lane corroborated some of the information supplied by the informant in this case, unlike the police officer in *Garcia* who corroborated none of the informant's information. *Id.* at 483; s*ee also United States v. Harju*, 466 F.3d 602, 609 (7th Cir. 2006) (explaining that police officer's effort to corroborate informant's information was reason to apply good-faith exception despite affidavit's lack of detail).

Thompson maintains that Officer Lane's affidavit does not go far enough in establishing the informant's credibility because, according to Thompson, even someone with almost no knowledge of drug trafficking could purchase marijuana in the area of Peoria where the informant made the controlled buy. And, Thompsons continues, the affidavit does not say whether the information supplied on the other occasion led to an arrest for possessing *cocaine*, the drug involved in this case. We don't understand Thompson's point; both times authorities trusted the informant to provide information and even engage in a drug buy on their behalf. This court and others have applied the good-faith exception where the police relied on the issuing judge's conclusion that a history of supplying information leading to controlled buys, arrests, or convictions sufficiently demonstrated an informant's credibility. *See Searcy*, 664 F.3d at 1123; *Garcia*, 528 F.3d at 483, 487; *United States v. Thomas*, 605 F.3d 300, 308, 311 (6th Cir. 2010); *United States v. Quezada-Enriquez*, 567 F.3d 1228, 1231, 1235 (10th Cir. 2009); *United States v. Gabrio*, 295 F.3d 880, 883 (8th Cir. 2002).

Accordingly, even if probable cause was lacking, the evidence properly was admitted under the good-faith exception. The government would be well advised, however, not to confuse this decision with an endorsement of Officer Lane's affidavit.

AFFIRMED.