In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 22-1015

PHYNELOPHA A. JOHNSON, Administrator of the Estate of
Phillip Osborne,

*Plaintiff-Appellant,*

*v.*

SHAWN MYERS,

*Defendant-Appellee.*

———————————

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:19-cv-00426-SPM — **Stephen P. McGlynn**, *Judge.*

———————————

ARGUED SEPTEMBER 20, 2022 — DECIDED NOVEMBER 16, 2022

———————————

Before EASTERBROOK, HAMILTON, and BRENNAN, *Circuit
Judges*.

BRENNAN, *Circuit Judge*. Phillip Edward Osborne alleged
that Illinois State Police Officer Shawn Myers arrested him
without probable cause and therefore violated his civil rights.
He sued under 42 U.S.C. § 1983, and his sister, Phynelopha
Johnson, continued the lawsuit after he died.

Myers acted pursuant to an arrest warrant, so Johnson faces an uphill battle to overcome the presumption of validity accorded to the warrant and the information underlying it. With little more than bare allegations that Myers lied in his warrant application, Johnson fails to overcome this presumption. Therefore, we affirm the district court's grant of summary judgment for Myers.

## I.

Between 2013 and 2014, Officer Shawn Myers[1] supervised ten controlled drug purchases by a confidential source at a residence in Cairo, Alexander County, Illinois. Each purchase was recorded on video. The confidential source initially said that a "Cornelius S. Dean" was selling crack cocaine at the house. As the buys took place, the source learned more about the dealer's identity. During the third purchase, the source found out the dealer's name was Ed. And during the fourth, Ed, upon being asked, told the confidential source that his last name was "Johnson," though the source doubted this response. Nonetheless, Myers ran a computerized search for an image of an "Ed or Edward Johnson" in the Illinois Secretary of State database but found no match.

During the fifth purchase on March 24, 2014, Ed again sold the confidential source some crack cocaine but, after this transaction, Myers gained additional details about Ed's possible name. Myers contacted Alexander County Sheriff Tim Brown and asked him about Ed's identity. Brown suggested Ed's last name might be Osborne, but the record does not

---

[1] The caption in the district court spelled Defendant-Appellee's last name as "Meyers," but the parties agree that the officer's name is spelled "Myers." So we use "Myers."

reveal how Brown arrived at that conclusion. Using this lead, Myers checked the Secretary of State database again and discovered that a "Phillip Edward Osborne" resided in Cairo. Myers obtained Osborne's driver's license photo and concluded that it matched the dealer in the drug buy videos. Myers also reported that the confidential source, upon seeing the photo, "unequivocally, positively identified Osborne as the same Ed [he] had purchase[d] purported crack cocaine from on two previous occasions" at the house in Cairo.

Johnson has a problem, though—this driver's license photo is nowhere in the record. Johnson's counsel concedes that he did not request the photo in discovery, despite suggesting at Myers's deposition that he would do so.

Having found a name for the dealer, Myers conducted five more controlled purchases from March 27 to April 22, 2014. But Myers waited until January 12, 2017, to apply for an arrest warrant. He said this was because the informant was involved in other investigations in the same area. Before applying for the warrant, Myers consulted with the local State's Attorney to determine whether he had enough evidence to arrest Osborne. Myers based his warrant application on the last six controlled drug buys between March 24 and April 22, 2014, and attached investigative reports that detailed the purchases.

On the same day Myers submitted his application, an Alexander County judge issued a warrant for Osborne's arrest. Osborne was arrested on April 18, 2018, for unlawful delivery of a controlled substance. Following his arrest, Osborne remained incarcerated for seven days and was released on bond. The State eventually dismissed the drug charges.

Osborne sued in district court under 42 U.S.C. § 1983, alleging civil rights violations by Myers, Pulaski County, and Alexander County. He died in April 2020, so his sister, Johnson, as the administrator of his estate, was substituted in as the proper party. Before this appeal, the district court dismissed with prejudice the claims against the county defendants. The district court also granted summary judgment for Myers on the false arrest claim against him, concluding that Johnson had not presented any relevant evidence to undermine probable cause to arrest Osborne and that Myers was entitled to qualified immunity. Johnson appeals only the false arrest claim.

## II.

## A.

As a preliminary matter, we address Johnson's objections to two pieces of evidence the district court relied upon when it granted summary judgment. The first is Myers's assertion that the driver's license photo matched the dealer in the surveillance videos. The second is Myers's declarations about what the confidential source said. On the first, Johnson contends that the best evidence rule requires the driver's license photo to be produced. She also asserts that both items of evidence are inadmissible hearsay. The district court implicitly overruled these objections by considering the objected-to evidence in its order granting Myers summary judgment. *See generally Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009) (citation omitted) ("[A] court may consider only admissible evidence in assessing a motion for summary judgment."). We review evidentiary rulings for abuse of discretion. *Bordelon v. Bd. of Educ. of the City of Chicago*, 811 F.3d 984, 989 (7th Cir. 2016).

Citing the best evidence rule, FED. R. EVID. 1002, Johnson objects to Myers's warrant application allegation that "[t]he [Secretary of State] photograph of Osborne was a match to the person in the recordings of the purchases." Johnson argues that the district court could not consider this statement in assessing probable cause unless Myers produced Osborne's driver's license photo. But this objection ignores that the Federal Rules of Evidence do not apply to applications for warrants. FED. R. EVID. 1101(d)(3). Myers was not required to provide the driver's license photo in his warrant application, so the district court did not abuse its discretion in considering Myers's statement to determine the existence of probable cause. Further, as plaintiff, Johnson bears the burden to undermine the presumed validity of the arrest warrant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986) ("The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict."). So even if Johnson were correct that the contents of the photo are at issue, any best evidence problem rests with her, not Myers. And as explained below, Johnson has not come forward with evidence sufficient to meet her burden.

Johnson's hearsay objections fare no better. To begin with, the statements in the warrant application were not offered to prove the truth of the matter asserted. *See* FED. R. EVID. 801(c)(2). Instead, they were offered to show what Myers knew at the time to support probable cause to arrest Osborne. *See Cairel v. Alderden*, 821 F.3d 823, 830–31 (7th Cir. 2016) ("The statements … were offered instead to show the officers had information giving them probable cause to arrest plaintiffs."). Even if the statements were hearsay, a finding of probable cause may rest upon hearsay statements so long as there is a

substantial basis for crediting them. *Illinois v. Gates*, 462 U.S. 213, 241–42, 244–45 (1983). A judge reviewing a warrant application must consider the veracity and the basis of knowledge of the persons supplying the hearsay information to determine if there is probable cause. *United States v. Bell*, 585 F.3d 1045, 1049 (7th Cir. 2009) (citing *Gates*, 462 U.S. at 238). And because Johnson's false arrest claim hinges upon probable cause, the district court, too, could consider the hearsay contained in Myers's warrant application if the declarants were sufficiently reliable, which they were.

The confidential source provided Myers with information leading to at least ten successful controlled drug buys. Myers testified in deposition that the confidential source had a track record of reliability and was simultaneously working other cases during the Osborne investigation. So the district court, as well as the issuing judge, had a substantial basis to find the confidential source trustworthy. As to Myers, Johnson points to no evidence beyond mere assertions that Myers is incredible or unreliable. Mere assertions are not competent summary judgment evidence. *See Igasaki v. Ill. Dep't of Fin. & Pro. Regul.*, 988 F.3d 948, 960 (7th Cir. 2021). The district court thus did not abuse its discretion in implicitly overruling the hearsay objection.

**B.**

Next, we consider whether Johnson has overcome the presumption that the arrest warrant was valid. We review the district court's summary judgment decision de novo and draw all reasonable factual inferences in Johnson's favor. *Watters v.*

*Homeowners' Ass'n at Pres. at Bridgewater*, 48 F.4th 779, 784 (7th Cir. 2022).

To prevail on a Fourth Amendment claim for false arrest, Johnson must establish that Osborne was arrested without probable cause. *Gaddis v. DeMattei*, 30 F.4th 625, 630 (7th Cir. 2022). "Probable cause for an arrest provides an absolute defense to a false arrest claim." *Id.* (citing *Farnik v. City of Chicago*, 1 F.4th 535, 545 (7th Cir. 2021)). And "[p]robable cause to justify an arrest exists if the totality of the facts and circumstances known to the officer at the time of the arrest would warrant a reasonable, prudent person in believing that the arrestee had committed, was committing, or was about to commit a crime." *Abbott v. Sangamon Cnty.*, 705 F.3d 706, 714 (7th Cir. 2013) (citations omitted). The inquiry is "purely objective," and "the officer's subjective state of mind and beliefs are irrelevant." *Id.* "Moreover, the court's inquiry is limited to what the officer knew at the time of the arrest and not what has been gained from hindsight." *Harney v. City of Chicago*, 702 F.3d 916, 922 (7th Cir. 2012) (citation omitted). This knowledge is assessed from the perspective of an objectively reasonable police officer. *Abbott*, 705 F.3d at 714 (citing *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)).

The probable cause balance favors the government when an arrest is executed pursuant to a warrant. "When a judge authorizes an arrest, as one did here, 'we presume the validity of [the] warrant and the information offered to support it.'" *Dollard v. Whisenand*, 946 F.3d 342, 354 (7th Cir. 2019) (alteration in original) (quoting *Camm v. Faith*, 937 F.3d 1096, 1105 (7th Cir. 2019)). That is, we presume probable cause. That presumption can give way if the warrant application was "so lacking in indicia of probable cause as to render official belief

in its existence unreasonable." *Id.* (quoting *Edwards v. Jolliff-Blake*, 907 F.3d 1052, 1060 (7th Cir. 2018)); *Malley v. Briggs*, 475 U.S. 335, 345 (1986). In such circumstances, "even a facially valid arrest warrant does not shield otherwise unreasonable conduct." *Williamson v. Curran*, 714 F.3d 432, 444 (7th Cir. 2013) (quoting *Juriss v. McGowan*, 957 F.2d 345, 351 (7th Cir. 1992)).

The warrant validity presumption may also yield "on a showing that the officer who sought the warrant 'knowingly or intentionally or with a reckless disregard for the truth, made false statements to the judicial officer, and that the false statements were necessary to the judicial officer's determination that probable cause existed.'" *Whitlock v. Brown*, 596 F.3d 406, 410 (7th Cir. 2010) (cleaned up) (quoting *Beauchamp v. City of Noblesville* 320 F.3d 733, 742–43 (7th Cir. 2003)). This includes circumstances where an "officer intentionally or recklessly withheld material facts from the warrant-issuing judge." *Id.* (citing *United States v. Sims*, 551 F.3d 640, 645 (7th Cir. 2008)). But these exceptions are narrowly drawn by design. *Brunson v. Murray*, 843 F.3d 698, 709 (7th Cir. 2016). This is because we accord "great deference" to the issuing judge's "determination of probable cause." *Gates*, 462 U.S. at 236 (citation omitted); *see Ornelas v. United States*, 517 U.S. 690, 699 (1996); *Edwards*, 907 F.3d at 1057.

Because Myers arrested Osborne pursuant to a facially valid warrant, we presume that the warrant and the information in support of it are valid. *Dollard*, 946 F.3d at 354. Myers attached to his warrant application investigative reports detailing six controlled drug purchases during which the confidential source bought crack cocaine from a person he believed to be Osborne. Following the first of these purchases,

Myers received a tip from Sheriff Brown that the dealer, who Myers formerly believed was named "Edward Johnson," could possibly be named Osborne. Using this lead, Myers discovered that a "Phillip Edward Osborne" resided in Cairo, and Myers pulled his driver's license photo from the Secretary of State's database. Myers concluded that the photo matched the dealer depicted in the drug-buy surveillance videos. And the confidential source also "unequivocally, positively identified Osborne as the same Ed [he] had purchase[d] purported crack cocaine from on two previous occasions" at the house in Cairo. Because a county judge—whose neutrality Johnson does not contest—issued the arrest warrant on a finding of probable cause, we presume the warrant and the information underlying it are valid. That is, we presume probable cause to arrest Osborne.

Against this presumption, Johnson makes many allegations in her affidavit, most of which are irrelevant to probable cause. The district court correctly recognized that Johnson included facts that Myers did not know at the time of arrest, so they have no bearing on the analysis. As mentioned above, in assessing probable cause, "the court's inquiry is limited to what the officer knew at the time of the arrest and not what has been gained from hindsight." *Harney*, 702 F.3d at 922. Johnson was arrested on April 18, 2018, so for the probable cause inquiry, we gauge Myers's knowledge as of that date. But the relevant controlled purchase dates listed in the warrant application are from four years earlier—between March 24 and April 22, 2014. So, for purposes of Myers's comparison of the driver's license photo to the surveillance footage, the focus must be on the photo and how Osborne looked in 2014. Critically, there is no record evidence that when Osborne was arrested, Myers knew the following facts that Johnson alleges:

- Osborne lived in Michigan and South Carolina in 2014;

- Osborne never had a mustache in 2014;

- Osborne walked with a cane in 2014; and

- Osborne had not lived in Cairo since 1980.

Accordingly, these allegations are irrelevant to the probable cause analysis.

Still, the district court should have given weight to the relevant evidence Johnson proffered. She provided the court with a 2019 photo of Osborne and admitted he had gained some weight between 2014 and 2019. But she also attested that his "facial features had undergone very little change" and that the photo accurately depicted Osborne's "likeness as he would have appeared in 2014." Johnson highlighted that her brother in 2014 would have been between 51 and 52 years old, while the man depicted in the surveillance video appeared to be much younger. And Johnson testified that, based on her review, the man depicted in the surveillance footage did not look at all like Osborne. At the time of the arrest, Myers did not know about the 2019 photo. Nor did he know about the description of Osborne that Johnson recalled. But they are evidence of how Osborne might have looked in 2014. A reasonable jury could find that this evidence approximates how the driver's license photo looked if the photo was taken not long before 2014.

The question, then, is whether the relevant evidence in Johnson's affidavit is enough to overcome the presumption that the arrest warrant was valid. To defeat the presumption at the summary judgment stage, Johnson must show that a genuine issue of material fact exists that a reasonable officer

would have known that the warrant application failed to establish probable cause, or that Myers made false statements or omitted material facts in support of probable cause. *Brunson*, 843 F.3d at 709. Johnson's argument is straightforward: In her opinion, Osborne looks nothing like the dealer in the surveillance videos, so no reasonable officer could have found a match between the driver's license photo of Osborne and the dealer. Therefore, Myers must have adduced false statements when he attested that the driver's license photo was a match. But without the driver's license photo itself, Johnson's argument rests upon her allegation of what the photo may have looked like. And bare assertions are not competent summary judgment evidence. *See Igasaki*, 988 F.3d at 960. Without the photo, we can only guess as to whether a reasonable officer in Myers's position could have found a match, or whether Myers made false statements in his warrant application. Conjecture will not overcome the presumption that the arrest warrant was valid. Because Johnson has failed to rebut that presumption, Myers is entitled to judgment as a matter of law that he had probable cause to arrest Osborne.[2]

---

[2] An additional fact, which the district court overlooked, further supports the district court's grant of summary judgment: Myers consulted with the local State's Attorney to see whether he had enough evidence to arrest Osborne. This fact "goes a long way toward solidifying [Myers's] qualified immunity defense" because it supports that Myers reasonably believed he had probable cause to arrest Osborne. *Burritt v. Ditlefsen*, 807 F.3d 239, 251 (7th Cir. 2015) (quoting *Fleming v. Livingston Cnty.*, 674 F.3d 874, 881 (7th Cir. 2012)). But given that Johnson failed to rebut the presumption of actual probable cause, we need not reach qualified immunity.

### III.

This case comes down to a failure of proof. With little more than allegations of false statements in a warrant application, Johnson failed to rebut the presumption that the arrest warrant was valid. Accordingly, we AFFIRM the district court's grant of summary judgment.